## 57019. RATLIFF v. LIBERTY MUTUAL INSURANCE COMPANY et al.

DEEN, Chief Judge.

Ratliff appeals from the denial of his worker's compensation claim against Builders Transport, Inc. The sole issue is his status as employee or independent contractor. The facts as stated in the original award denying compensation on this basis are briefly: Builders Transport, Inc. is a freight contract carrier operating over 200 company-owned tractors and over 50 leased, owner-operated tractors. The drivers of the former are denominated employees and paid on a mileage basis. Owner-operators are denominated contractors and paid 70% of revenue generated by their activities. Otherwise, the duties are approximately the same. The appellant had been an employee driver for some five years and was highly thought of. In April, 1976, he offered to furnish a tractor which he operated, and entered into a standard form contract prepared by Builders Transport which denominated him as the owner. In fact the tractor was legally titled in the name of his sister-in-law, and was considered as belonging to her and his brother. The appellant drove the tractor, received 70% of revenue which he turned over to his relatives, and was refunded $250 per week for driving. On November 3, 1976 while en route he was hit by a truck and sustained permanent mental and physical injuries, for which hospital bills ran over $34,000.

1. The award finds in general terms that the contract provisions were more consonant with the status of independent contractor than that of employee. This is vigorously contested by the appellant. Examination of the record shows that most of the usual criteria on which both sides rely are in fact regulated by the U. S. Department of Transportation, the Interstate Commerce Commission or the Georgia Public Service Commission. The administrative law judge aptly concluded that the following quotation from *Bituminous Cas. Corp. v. Wilkes,* 77 Ga. App. 764 (49 SE2d 916) (1948) applies: "'In claims for compensation under the Workmen's Compensation Act, where the question is whether the injured person . . .

occupied the relation of an employee or of an independent contractor . . . the line of demarcation is often so close that each case must be determined upon its own particular facts.'" We find no compelling precedent involved.

2. The fact that the appellant was not the record owner of the tractor in question has no bearing on this claim. There is not the slightest evidence that it did or could have in any way increased the risk of the employer or its insurer, or that this designation in the contract would not have been entered into had the employer realized that title was in another family member. The contract was a form drawn up and used by the employer, and if any of its terms are ambiguous it must be construed against the party preparing it. *Ragland v. Rooker,* 124 Ga. App. 361 (183 SE2d 579) (1971); *Southeastern Hwy. Contracting Co. v. State Hwy. Dept.,* 130 Ga. App. 160 (202 SE2d 520) (1973).

3. Further, "[I]t has long been the law in Georgia that the workmen's compensation provisions are to 'be construed reasonably and liberally with a view of applying the beneficent provisions of the statute so as to effectuate its purposes, and to extend them to every class of workman and employee that can fairly be brought within the provisions of the act.' *Lee v. Claxton,* 70 Ga. App. 226, 228 (28 SE2d 87) (1943)." *Gaither v. Fulton-DeKalb Hospital Authority,* 144 Ga. App. 16 (240 SE2d 560) (1977). And any legitimate doubt as to whether the status of the claimant is that of employee or independent contractor is to be resolved in favor of the employee status. *Liberty Mut. Ins. Co. v. Henry,* 56 Ga. App. 868 (194 SE 430) (1937). There was at least as much right on the part of the carrier here to control the claimant as to the time, manner and method of doing the work as existed in *Golosh v. Cherokee Cab Co.,* 226 Ga. 636 (176 SE2d 925) (1977) where denial of compensation was reversed by the Supreme Court based in large measure on testimony that, while the driver was in general in charge of the means and manner of choosing his routes, he could be terminated if he did not go to the stations to which he was ordered by the employer. The same situation obtains here.

4. The contract form prepared by the carrier

provided under paragraph 3(b): "The contractor shall furnish at his expense a full complement of experienced and qualified *employees, which may include the Contractor* [emphasis added] sufficient to keep said equipment operating daily for the maximum number of hours . . ." It then requires the contractor to submit worker's compensation coverage to the carrier; however, on the same day, and so far as appears at the same time, the parties signed a supplemental agreement stipulating that the names submitted to the carrier as employees would instead be added to the carrier's blanket workmen's compensation policy as its employees, in payment for which a stated percentage of monthly earnings would be deducted by the employer for that purpose.

Although the claimant did not submit his name or any name to the carrier as an employee, the employer was aware the claimant was driving the rig, and he did not at any time employ anyone else as a driver or otherwise. Since the insurance company voluntarily covered owner-operator drivers under its master policy, and since under the contract the word "employee" might include the contractor (appellant) and since the employer well knew that the contractor was driving the rig and had no reason to believe any other person was involved, it appears without dispute that the appellant was treated by Builders Transport, Inc. as an employee for worker's compensation purposes.

There can be no legal or equitable justification in a worker's compensation case, for denying compensation to this claimant on the sole ground that he is on the trip in question driving a rig leased to instead of owned by the employer where, in every other particular, his duties and actions are the same in his position of "contractor" as they were for the previous five years in his position of "employee" and where the contract itself specifies that he may furnish himself in the "complement of experienced and qualified employees." Any other construction would be legalistic and contrary to the purposes of the Worker's Compensation Act. The administrative law judge therefore erred in entering an award denying compensation, and the judge of the superior court erred in affirming the denial.

Nothing to the contrary is held in *Scoggins v. Aetna Cas. & Surety Co.,* 139 Ga. App. 805, 808 (229 SE2d 683) (1976). The statement that the insurance provided under the Act "merely insures the liability of the employer and is no greater" has no application where, as here, the contract provides that the contractor may be an employee for worker's compensation purposes and the additional fact that this is understood by the insurer. Nor does *Simpkins v. Unigard Mut. Ins. Co.,* 130 Ga. App. 535, 539 (203 SE2d 742) (1974) apply where it was specifically pointed out that nothing in the policy referred to subcontractors, no premiums were deducted, and if they had been they would have covered only employees.

*Judgment reversed. McMurray and Shulman, JJ., concur.*

ARGUED JANUARY 8, 1979 — DECIDED FEBRUARY 15, 1979 — REHEARING DENIED MARCH 2, 1979.

*Lawrence G. Dillon, Timothy F. Callaway, III, Stanley Karsman,* for appellant.

*Corish & Smith, Malberry Smith, Jr.,* for appellees.