63762. GARRETT et al. v. SUPERIOR TRUCKING COMPANY.

QUILLIAN, Chief Judge.

Plaintiff-appellant Garrett (and his wife for loss of consortium) commenced this action against appellee Superior Trucking Co. to recover for personal injuries incurred by Garrett on Superior's premises. The Garretts' motion for partial summary judgment was denied and Superior's motion for summary judgment was granted, with the trial court finding that Superior was Garrett's statutory employer under Code Ann. § 114-103 (Ga. L. 1920, p. 176 through 1980, pp. 1145, 1146) and the Garretts were thus barred from suing Superior in tort. The Garretts appeal that ruling. *Held:*

By contract Garrett had leased his tractor truck, including a driver, to Superior. Superior is an interstate carrier subject to regulation by the Interstate Commerce Commission. Garrett acted as his own driver and while operating the tractor on an interstate trip for Superior he was injured at Superior's refueling facility in Atlanta.

The contract provisions were as follows: In item 1 Garrett acknowledged that Superior had exclusive possession, control, and use of the tractor and assumed responsibility for it. Item 4D required Garrett to provide Superior with possession, control, and use of the tractor as required by Superior to fulfill its regulatory requirements. Item 5 provided that Garrett would determine the means and methods of providing service, subject to item 4. Item 8 required Garrett to maintain workers' compensation insurance coverage and provide evidence thereof to Superior. Item 19 states that the parties intended to create a carrier-independent contractor relationship and not an employer-employee relationship.

Garrett employed no one to drive for him, driving the tractor himself. He did not acquire workers' compensation insurance in accordance with the contract, so Superior insured him under its general workers' compensation insurance policy which covered all drivers, and deducted the cost of the insurance from payments made to Garrett. After being injured, Garrett accepted weekly workers' compensation payments from Superior's insurer who also paid his medical expenses. Garrett did not consider himself to be an employee of Superior but testified that as long as he was pulling Superior's loads, Superior had control of the tractor and that he had to take the

loads wherever Superior wanted them to go.

Contrary to appellants' contention that summary judgment should not have been granted because the facts are in dispute, we find no genuine issue of material fact. What is in dispute is the law to be applied to the facts.

In White v. Excalibur Ins. Co., 599 F2d 50 (5th Cir., 1979) an employee driver of the owner-lessor of a truck to Superior was held under federal law to be a statutory employee of Superior making Superior immune to suit in tort but subject to Georgia's workers' compensation law. The rationale was that under federal law interstate motor carriers are deemed to be responsible for the acts of drivers operating any trucks under the name of the common carrier, and therefore the drivers are employees of the carrier.

*Farmer v. Ryder Truck Lines,* 245 Ga. 734 (266 SE2d 922), adopted the rationale of White v. Excalibur Ins. Co., supra. The court looked to the federal law in determining that an interstate carrier was the employer of an employee driver of a truck owner-lessee who had leased the truck with the driver to the carrier, and found that the driver was entitled to workers' compensation benefits from the carrier.

In *Ratliff v. Liberty Mut. Ins. Co.,* 149 Ga. App. 211 (253 SE2d 799), a driver contracted to lease, to an apparent interstate carrier, a truck driven by himself. The lease denominated the driver a contractor. We held that the lessor-driver was not an independent contractor but an employee who was entitled to workers' compensation benefits for injuries sustained. This case was cited favorably in *Farmer v. Ryder Truck Lines,* 245 Ga. 734, 738, supra.

Appellants assert that Tretter v. Dart Transit Co., 271 Minn. 131 (135 NW2d 484), is a factually identical case which should be applied in the instant case. It was there held that the owner-driver of a truck leased to an interstate carrier was an independent contractor, not an employee of the carrier. However, Tretter was considered and rejected in *Farmer v. Ryder Truck Lines,* 245 Ga. 734, 740, supra.

Accordingly, we find that the trial court did not err in granting summary judgment to Superior.

*Judgment affirmed. Shulman, P. J., and Carley, J., concur.*

DECIDED APRIL 21, 1982 —
REHEARING DENIED JUNE 14, 1982 —

*G. Michael Hartley,* for appellants.
*James B. Hiers, Robert A. Wharton, Jr., E. Lamar Gammage,*

*Jr., William G. Boyd,* for appellee.