63994. LONG v. MARVIN M. BLACK COMPANY et al.

SHULMAN, Presiding Judge.

Appellant was an employee of Westinghouse Electric Company (hereinafter "Westinghouse") and was working on the installation of elevators in the Cobb County Superior Court building on May 2, 1980, when he was accidentally injured by appellee Bruner. Both appellant and appellees agree that Westinghouse was on the job site as an independent subcontractor hired by appellee Marvin M. Black Company (hereafter "Black"), the general contractor in charge of construction of the building. Bruner was an employee of Black, and Black has admitted that Bruner was working within the scope of his employment on the job site when he accidentally injured appellant in the leg by discharging an errant projectile from a .22 caliber nail gun.

Through his immediate employer, Westinghouse, appellant received full workers' compensation benefits for his medical expenses and for lost time from work. The subcontracting agreement between Westinghouse and Black required Westinghouse to provide workers' compensation insurance for its employees.

Appellant brought this suit in tort alleging that Black and Bruner were liable for his injuries sustained as a result of Bruner's alleged negligence. Appellees moved for summary judgment on the ground that both are beneficiaries of tort immunity pursuant to Code Ann. §§ 114-103 and 114-112. Based primarily upon the recent Supreme Court decisions in *Wright Associates v. Rieder,* 247 Ga. 496 (277 SE2d 41), and *Haygood v. Home Transp. Co.,* 244 Ga. 165 (259 SE2d 429), the trial court granted summary judgment in favor of appellees. Appellant's enumerations of error charge that the trial court erred in granting summary judgments in favor of both Black and Bruner.

1. We agree with the trial court in concluding that Black is entitled to judgment pursuant to Code Ann. §§ 114-103 and 114-112. *Wright Associates,* supra, p. 496; *Haygood,* supra, p. 165. *Wright Associates* specifically addressed the question of whether a general contractor received benefit of tort immunity granted by Code Ann. § 114-103 in an action filed by an employee of an independent subcontractor. " '[A]s a statutory employer liable to pay workers' compensation benefits under Code Ann. § 114-112, [the general contractor] should receive the correlative benefit of tort immunity under Code Ann. §§ 114-103, 114-112.' *Wright Associates* [supra. p. 499]." *Cleckley v. Batson-Cook Co.,* 160 Ga. App. 831 (288 SE2d 573); *Kitchens v. Winter Co. Builders,* 161 Ga. App. 701, 704 (289 SE2d 807). Furthermore, the immunity extends to the general contractor whether or not he actually pays workers' compensation benefits.

"The fact that the statutory employer has a right to indemnification, statutory or contractual, does not strip him of his tort immunity." *Wright Associates,* supra, p. 500. The facts of the present case fit squarely within the broad rule enunciated in *Wright Associates* and *Haygood.* We accordingly affirm the grant of summary judgment in favor of Black.

2. We also agree that the trial court properly granted summary judgment to Bruner. Although the precise question at issue, i.e., whether an employee of a general contractor is also immune from tort liability for injuries to an employee of an independent subcontractor, appears to be one of first impression, we hold that extension of tort immunity to the employee of the general contractor necessarily follows from the holdings in *Wright Associates* and *Haygood.*

The exclusive remedy statute (Code Ann. § 114-103) (Ga. L. 1920, p. 176; 1922, pp. 929, 930; 1974, pp. 1143, 1144; 1980, pp. 1145, 1146) provides tort immunity for "employees of the same employer or any person who, pursuant to a contract or agreement with an employer as defined in 114-101, provides workers' compensation benefits to an injured employee, notwithstanding the fact that no common law, master-servant relationship or contract of employment exists between the injured employee and the person providing such benefits." Code Ann. § 114-103. Since Black is a statutory "employer" of appellant pursuant to the holdings in *Wright Associates* and *Haygood* and is entitled to tort immunity pursuant to Code Ann. § 114-103, it necessarily follows that Bruner and Long are "employees" of the same "employer" and that Bruner is likewise entitled to tort immunity pursuant to Code Ann. § 114-103. Accordingly, we affirm the trial court's grant of summary judgment in favor of Bruner.

3. The complaint in this action alleged that Black "wilfully failed to train, qualify or license its employee . . . Bruner" and "wilfully and wantonly permitted its employees and agents, including . . . Bruner, to consume alcohol and drugs during working hours while working on the construction of the Cobb County Superior Court Building, Marietta, Georgia." Appellant's brief in opposition to the motion for summary judgment submitted to the trial court below alleged that he "has charged both defendants with gross negligence and such a wilful and wanton disregard for Long's safety so as to raise the presumption of a wilful, deliberate assault upon him." In its order granting appellees' motion for summary judgment, the trial court noted "an indication on the record before this court that Plaintiff may be contending that his injury resulted from something other than an accident . . . As a matter of law, however, the record fails to reveal facts sufficient to support such an allegation."

Appellant has not argued on appeal that the record supports the allegation that his injury was the result of "wilful and wanton" misconduct on the part of either Black or Bruner. Consequently, we deem this contention to be abandoned. Code Ann. § 24-3615 (c)(2); *Belger v. Exchange Bank,* 148 Ga. App. 275 (251 SE2d 22). Nevertheless, our review of the record reveals no facts that would take this injury outside the scope of the Workers' Compensation Act. See *Woodward v. St. Joseph's Hosp. &c.,* 160 Ga. App. 676 (288 SE2d 10).

*Judgment affirmed. Quillian, C. J., and Carley, J., concur.*

DECIDED SEPTEMBER 9, 1982 —
REHEARING DENIED SEPTEMBER 28, 1982 — 

*Wallace C. Clayton, Melodie H. Clayton,* for appellant.
*Henry D. Green, Jr., Robert G. Tanner,* for appellees.