65009. BURGETT v. THAMER CONSTRUCTION, INC. et al.

SHULMAN, Chief Judge.

While working on a water plant in DeKalb County, appellant was injured when the boom on a crane, operated by appellee Cullom and owned by appellee Thamer Construction, Inc. ("Thamer"), broke and struck him. Appellant collected workers' compensation benefits pursuant to an insurance policy obtained by The Collins Company, Inc. ("Collins"), and then proceeded in tort in this action against both Thamer and Cullom. Both defendants denied liability on the ground that Collins and Thamer were participants in a joint venture and as such were entitled to tort immunity pursuant to Code Ann. § 114-103 (OCGA § 34-9-11) and *Boatman v. George Hyman Const. Co.,* 157 Ga. App. 120 (276 SE2d 272). All defendants, including the Collins-Thamer joint venture which was added by amendment, moved for summary judgment, which was granted by the trial court on the ground that all defendants were entitled to tort immunity. In his appeal from that decision, appellant alleges four enumerations of error.

1. The first and second enumerations of error challenge, in substance, the trial court's finding that appellant was an employee of the Collins-Thamer joint venture and that *Boatman,* supra, is applicable to this case. Appellant's position is based on the undisputed fact that the contracting agreement with DeKalb County specified Collins as general contractor and contained a nonassignability clause. Thus, appellant argues, the alleged joint venture could not exist as general contractor for the project.

Appellant's argument, however, misses the crux of the trial court's order, which was that both appellant and Cullom were employees of the joint venture. The tort immunity invoked here by appellees is not the general contractor and employee immunity enunciated in *Wright Assoc. v. Rieder,* 247 Ga. 496 (277 SE2d 41), and *Long v. Marvin M. Black Co.,* 163 Ga. App. 633 (2) (294 SE2d 641). Rather, appellees base their position on the undisputed evidence that Thamer and Collins did engage in a joint venture on the project and

that both appellant and Cullom were employees of the joint venture. Thus, all appellees would be entitled to tort immunity, pursuant to Code Ann. § 114-103 and *Boatman,* supra, irrespective of which party served as the general contractor on the project.

We agree with the trial court that the undisputed facts eliminate any genuine issue of material fact (Code Ann. § 81A-156 (OCGA 9-11-56)) on the issues of whether Collins and Thamer were participants of a joint venture that employed both appellant and Cullom. Collins and Thamer operated under a written "Joint Venture Agreement" providing that the two companies were forming a joint venture (denominated "The Collins Company, Inc., a Joint Venture") for completion of the water project. The agreement provided for proportional sharing of "required capital and . . . profits or losses, including without limitation any penalties which may be imposed or liability incurred as a result of activities related to construction of the facilities . . ." The agreement provided for the establishment of separate joint venture accounts for all funds and records, joint management of the project, and joint insurance coverage. The project was, in fact, managed jointly by persons generally employed by either Collins or Thamer. The fact that these accounts were obtained in the name of Collins does not destroy the joint venture in view of the undisputed evidence that the accounts, including payroll and workers' compensation, were established for the joint venture. The trial court noted that both appellant and Cullom, who generally worked for Collins and Thamer, respectively, were paid from the same Collins' account. The record affirmatively demonstrates that Collins and Thamer engaged in a joint venture on the project and that appellant and Cullom were employees of the joint venture. See *Boatman,* supra, pp. 122-123. Consequently, pursuant to Code Ann. § 114-103 and *Boatman,* the trial court properly granted appellees' motion for summary judgment.

2. Appellant's third enumeration of error charges that the trial court erred in not holding that the "secret" joint venture should be disregarded because its status allegedly was not made known to appellant. Appellant relies on Code Ann. § 20-504 (OCGA § 13-8-2 (b)). However, the latter Code section has no applicability to the facts of this case. Nor has appellant made any showing that the joint venture between Thamer and Collins was used for fraudulent purposes. Appellant has not, in fact, alleged fraud or misrepresentation on the part of Thamer and Collins in creating and operating the joint venture. Appellant has established no basis upon which the joint venture should be disregarded. This enumeration is, accordingly, without merit.

3. The final enumeration of error charges that the trial court

erred in holding that Cullom was under the control of the joint venture. Again, appellant has made no showing to rebut the evidence produced by Cullom demonstrating that he was at all times on the subject job site an employee of the joint venture and not an independent contractor. The only facts referred to by appellant in support of his position are that Cullom testified on deposition that he had responsibility for the operation and maintenance of the crane and that he refused to follow the "hand signals" of workers on the project if he felt they "didn't know what [they were] doing." However, Cullom, who normally worked directly for Thamer, was paid from the joint venture payroll account, was directly supervised by the joint venture supervisory personnel on the job site, used a crane owned by Thamer, and had all out-of-pocket expenses reimbursed by Thamer.

" 'The true test whether a person employed is a servant or an independent contractor is whether the employer, under the contract, whether oral or written, has the right to direct the time, the manner, the methods, and the means of the execution of the work, as contradistinguished from the right to insist upon the contractor producing results according to the contract, or whether the contractor in the performance of the work contracted for is free from any control by the employer of the time, manner, and method in the performance of the work. (Cits.)' " *Simpkins v. Unigard Mut. Ins. Co.,* 130 Ga. App. 535, 538 (203 SE2d 742). The record in this case unequivocally demonstrates that Cullom was under the control and supervision of the joint venture and was an employee of the joint venture and not an independent contractor at the time of the accident in question. Accordingly, Cullom is entitled to tort immunity pursuant to Code Ann. § 114-103 and *Boatman.*

4. Appellant has failed to produce evidence that would raise any triable issue as to appellees' liability. Accordingly, the trial court properly granted appellees' motion for summary judgment. Code Ann. § 81A-156; *Jones v. Reserve Ins. Co.,* 149 Ga. App. 176 (3) (253 SE2d 849).

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

DECIDED JANUARY 28, 1983 —
REHEARING DENIED FEBRUARY 10, 1983 —

*Ellwood F. Oakley III, Randall L. Hughes,* for appellant.
*Allen S. Willingham, Daryll Love, Benjamin S. Williams,* for appellees.