### 39256. LONG v. MARVIN M. BLACK COMPANY et al.

HILL, Chief Justice.

Certiorari was granted in this case to determine whether an employee of an independent subcontractor can maintain a personal injury action against an employee of the principal contractor (the injured employee's statutory employer), where the injured employee has received workers' compensation payments for the injury from the subcontractor. Relying on *Wright Assoc. v. Rieder,* 247 Ga. 496 (277 SE2d 41) (1981); and *Haygood v. Home Transp. Co.,* 244 Ga. 165 (259 SE2d 429) (1979), the Court of Appeals held that the action is barred, *Long v. Marvin M. Black Co.,* 163 Ga. App. 633 (2) (294 SE2d 641) (1982), and we granted certiorari. *Rieder, Haygood,* and the case before us involve a construction of two provisions of the Workers' Compensation Act, OCGA §§ 34-9-8, 34-9-11 (Code Ann. §§ 114-112, 114-103).

Under OCGA § 34-9-8 (Code Ann. § 114-112), the statutory employer provision, a claim for workers' compensation must be made in the first instance against the injured employee's immediate employer if that employer is subject to the Act. However, a principal or intermediate contractor (statutory employer) is liable for workers' compensation benefits to an employee injured while in the employ of its subcontractor engaged in the subject matter of the contract where the injury occurred on, in, or about the premises on which the principal contractor has undertaken to execute work or which are otherwise under the principal contractor's control or management. Collection of full compensation from one such employer bars recovery by the employee against any other employer.

Under OCGA § 34-9-11 (Code Ann. § 114-103), "The rights and the remedies granted to an employee by [the Workers' Compensation Act] shall exclude all other rights and remedies of such employee . . . [against his or her employer] at common law or otherwise, on account of such injury, loss of service, or death; provided, however, that no employee shall be deprived of any right to bring an action against any third-party tortfeasor, *other than [1] an employee of the same employer* or [2] any person who, pursuant to a contract or agreement with an employer, provides workers' compensation benefits to an injured employee, notwithstanding the fact that no common-law

master-servant relationship or contract of employment exists between the injured employee and the person providing the benefits." (Emphasis supplied.)

The first exception to the third-party tortfeasor provision was added by amendment in 1974. Ga. Laws 1974, pp. 1143, 1144. The second exception was added by amendment in 1980. Ga. Laws 1980, pp. 1145, 1146. We read the second exception to the third-party tortfeasor provision as referring, possibly among others, to an insurance company providing workers' compensation benefits to an injured employee. See OCGA § 34-9-1 (3) (Code Ann. § 114-101). We do not read those separate amendments as providing immunity to [1] "an employee of . . . [2] any person who . . . provides workers' compensation benefits to an injured employee. . . ." In the case before us, defendant Bruner provided no workers' compensation benefits to plaintiff Long, and hence Bruner can claim tort immunity only under the first exception.

*Haygood v. Home Transp. Co.,* supra, involved a situation in which a principal contractor, Home Transportation Co., had paid workers' compensation benefits to Haygood, who was an employee of an independent subcontractor. We held that the employee of the subcontractor was a "statutory employee" of the principal contractor under OCGA § 34-9-8 (Code Ann. § 114-112) and, for that reason, the wrongful death action being pursued by Haygood's widow against the principal contractor was barred by OCGA § 34-9-11 (Code Ann. § 114-103).

*Rieder,* supra, involved a situation in which Rieder, an employee of an independent subcontractor, was injured and received workers' compensation benefits from the subcontractor. He then sued Wright Associates, Inc., the principal contractor, alleging that his injury was caused by the negligence of an employee of the principal contractor. We held that even though the principal contractor had not actually paid workers' compensation benefits, it was still a statutory employer of the subcontractor's employee under OCGA § 34-9-8 (Code Ann. § 114-112) with a potential liability for workers' compensation payments. Therefore, we held that the principal contractor still enjoyed tort immunity.

The present case involves a situation in which Westinghouse Electric Company, an independent subcontractor, paid workers' compensation benefits to its injured employee, Long. Long then sued Marvin M. Black Company, the principal contractor, and Bruner, an employee of the principal contractor, alleging that Bruner's negligence in discharging a .22 caliber nail gun caused the plaintiff's leg injury.

In Division 1 of its opinion, the Court of Appeals held that the

action against the principal employer, Black, is clearly barred by *Rieder.* We agree. In Division 2, the Court of Appeals held that the action against the principal's employee, Bruner, is likewise barred, reasoning that Bruner (an employee of Black) and Long (a statutory employee of Black) are employees "of the same employer" within the meaning of OCGA § 34-9-11 (Code Ann. § 114-103). It is with this conclusion that we disagree. Long is an employee of Westinghouse, and Bruner is an employee of Black. True, Long is also a statutory employee of Black. This is not to say, however, that Long and Bruner are employees of the "same employer" within the meaning of OCGA § 34-9-11 (Code Ann. § 114-103).

In our view, the words "employee of the same employer" do not apply when, as here, the injured employee is an employee of a subcontractor which paid compensation benefits and the alleged tortfeasor is an employee of the principal contractor. The General Assembly used the words "the same employer," not the words "the immediate, intermediate or principal employer." While this result follows from the words of the statute, it also follows from the rationale underlying our decision in *Rieder.* There we explained that "The quid pro quo for the statutory employer's potential liability is immunity from tort liability." *Wright Assoc. v. Rieder,* 247 Ga. at 500. An employee of a statutory employer does not have any potential liability for workers' compensation payments. Thus there is no quid pro quo, no reason to relieve him of liability for his negligence, and ample reason to hold him accountable for his negligence. We recognize that this argument not only could be made but historically was made in relation to employees of the same employer. *Floyd v. McFolley,* 131 Ga. App. 4 (205 SE2d 29) (1974). The General Assembly, however, chose to provide immunity to "an employee of the same employer." Ga. Laws 1974, pp. 1143, 1144, supra. See 2A Larson, Workmen's Compensation Law, § 72.33 at pp. 14-167, 14-168. We decline to expand that amendment to encompass employees of a statutory employer which did not pay compensation benefits.

*Judgment reversed. All the Justices concur, except Marshall, P. J., Weltner and Bell, JJ., who dissent.*

DECIDED FEBRUARY 18, 1983 —
REHEARING DENIED MARCH 9, 1983.

*Wallace C. Clayton, Melodie H. Clayton,* for appellant.
*James K. Lange,* amicus curiae.
*Henry D. Green, Jr., Robert G. Tanner,* for appellees.

MARSHALL, Presiding Justice, dissenting.

For reasons unnecessary to go into at length, the logic employed in the majority opinion is fundamentally inconsistent with the logic which serves as the basis for the decision in *Wright Assoc. v. Rieder,* 247 Ga. 496 (277 SE2d 41) (1981).

It can be said that *Rieder* creates an "expansion" of statutory workers' compensation tort immunity, in that it holds that there is immunity in a situation in which the Workers' Compensation Act does not expressly say that there shall be immunity. If there is immunity on the part of the principal contractor in *Rieder,* in my opinion there is no logical basis on which to say there is no immunity on the part of the employee of the principal contractor here. For this reason, I respectfully dissent.

I am authorized to state that Justice Bell joins in this dissent.