66087. CLEVELAND ELECTRICAL CONSTRUCTORS, INC. v. CRAVEN et al.

DEEN, Presiding Judge.

Appellee George Craven, an employee of Atlanta Steel Erectors, Inc. (Atlanta Steel), was injured while engaged in the duties of his job on the premises of Georgia Power Company, which had contracted with Atlanta Steel to perform all steel work on the project. The operator of the crane which caused the injury was one McNatt, an employee of appellant Cleveland Electrical Constructors, Inc. (Cleveland), with which Georgia Power had contracted to supply construction workers for the project. Georgia Power was the owner of the crane, which it had supplied under the terms of its contract with Cleveland. McNatt, Craven, and other Atlanta Steel employees were engaged in a cooperative effort involving the moving of a concrete slab when a cable attached to the crane snapped and struck appellee, breaking his nose and cheekbone and inflicting other injuries to his face and eyes.

Craven applied for and received Workers' Compensation benefits from his immediate employer, Atlanta Steel, under a "wrap-around" workers' compensation policy purchased by Georgia Power covering the liability of contractor and sub-contractors for personal injury claims of their employees. Appellee then brought a tort action against appellant Cleveland and his wife sued for loss of consortium. Appellee moved to strike the workers' compensation-related defenses which appellant raised, *inter alia,* in its answer, and the court below granted the motion on the condition that the defenses would be reinstated should Cleveland be found to be within the coverage of OCGA §§ 34-9-8 and 34-9-11 (Code Ann. §§ 114-112, 114-103). Appellant moved for summary judgment on the basis of the provisions of the cited Code sections, and the court

denied the motion. Appellant enumerates as error the denial of his motion for summary judgment. *Held:*

The trial court did not err in denying appellant's motion for summary judgment. This case is controlled by the Georgia Supreme Court's decision in *Long v. Marvin M. Black Co.,* 250 Ga. 621 (300 SE2d 150) (1983). See OCGA § 9-11-56 (c) (Code Ann. § 81A-156). In *Long* the court held that the employee of a prime contractor does not enjoy tort immunity from suit by the injured employee of an independent sub-contractor. Compare *Wright Assocs. v. Rieder,* 247 Ga. 496 (277 SE2d 41) (1981); *Haygood v. Home Transp. Co.,* 244 Ga. 165 (259 SE2d 429) (1979); *Godbee v. Western Elec. Co.,* 161 Ga. App. 731 (288 SE2d 881) (1982).

The rationale underlying the decision in *Long* was that the relationship between Long, the sub-contractor's employee, and Bruner, an employee of the prime contractor, was not such as to come within either of the two exceptions to the general provision of OCGA § 34-9-11 (Code Ann. § 114-103) which preserves the injured party's right to bring an action against a third-party tortfeasor: "[1] an employee of the same employer or [2] any person who . . . provides workers' compensation benefits to an injured employee not-withstanding the fact that no common-law master-servant relationship or contract of employment exists between" the two. The court declined to expand the statutorily extended immunity by construing the statute to mean that the tortfeasor and the injured party were employees of the "same employer." Noting that under *Wright Assocs. v. Rieder,* supra, a party enjoying tort immunity must have given some *quid pro quo,* the court held that Bruner had no tort immunity because he had given no *quid pro quo,* namely, liability for workers' compensation benefits. See *Western Elec. Co. v. Capes,* 164 Ga. App. 353 (296 SE2d 381) (1982); *Gramling v. Sunshine Biscuits,* 162 Ga. App. 863 (292 SE2d 539) (1982).

The same rationale is applicable in the instant case. Just as Bruner had no tort immunity because he had given no *quid pro quo,* so Cleveland, who has no potential liability for workers' compensation benefits with respect to appellant Craven, likewise has given no *quid pro quo* and is therefore likewise not entitled to tort immunity. In the fact situation of the instant case, summary judgment was properly denied.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED JULY 1, 1983.

*David B. Higdon, Joseph H. Davis,* for appellant.

*Thomas J. Venker, Jack P. Hutto,* for appellees.
*James K. Lange,* amicus curiae.