A89A0692. PEAVY v. McINVALE et al.
(384 SE2d 246)

BENHAM, Judge.

This is an appeal from the grant of summary judgment to appellees Sam McInvale and Forum Insurance Company (Forum), which was the liability insurance carrier for Trailer Transit, Inc., with whom McInvale and appellant Peavy had contracted separately (through Trailer Transit's agent, Modular Transport, Inc.) to "trip lease" their tractors. While driving his tractor pursuant to the trip lease, Peavy was injured in an accident involving McInvale and a third party. Peavy filed a personal injury action against McInvale, Forum Insurance Company, and the third party. Appellees moved for summary judgment, the issue being whether, under the trip leases, Peavy and McInvale, the owners/drivers of the tractors they had leased, were

employees of or independent contractors for Trailer Transit. In a detailed and well-reasoned order, the trial court concluded that Peavy and McInvale were both statutory employees of Trailer Transit, and, as such, the Georgia Workers' Compensation Act barred appellant from pursuing his personal injury action against McInvale and Trailer Transit. See OCGA § 34-9-11; *Farmer v. Ryder Truck Lines,* 245 Ga. 734 (266 SE2d 922) (1980); *Garrett v. Superior Trucking Co.,* 162 Ga. App. 558 (290 SE2d 528) (1982). Appellant claims error, but we affirm the trial court's decision.

1. Appellant argues that the contract provision which states that "[t]he parties intend to create by this Agreement the relationship of Carrier and Independent Contractor and not an Employer-Employee relationship. Neither Contractor nor its employees are to be considered employees of Carrier at any time under any circumstances or for any purpose . . ." and the provision that appellant would determine the means and methods of all transportation services show that the relationship was not that of an employee and an employer. *Garrett,* supra, contained contract provisions similar to those upon which appellant relies, but, nevertheless, this court found that under applicable federal law relating to interstate motor carriers, those carriers "are deemed to be responsible for the acts of drivers operating any trucks under the name of the common carrier, and therefore the drivers are employees of the carrier." Id. at 559. Appellant would have us take the position that because Trailer Transit had no workers' compensation coverage, appellant should be allowed to sue him in tort for the injuries he suffered. We cannot take such a position. It is well established that "the statutory immunity from suit includes the statutory employer regardless whether that statutory employer had actually paid the workers' compensation benefits." *Modlin v. Swift Textiles,* 180 Ga. App. 726 (2) (350 SE2d 273) (1986). Although appellant cannot pursue his tort claim, he is free to pursue his remedies under the Workers' Compensation Act. "The employer is bound for workers' compensation regardless of whether or not he carried insurance coverage." *Hartford Ins. Group v. Voyles,* 149 Ga. App. 517, 520 (254 SE2d 867) (1979). See *American Centennial Ins. Co. v. Flowery Branch Nursing Center,* 258 Ga. 222, 224 (367 SE2d 788) (1988); *Samuel v. Baitcher,* 247 Ga. 71 (274 SE2d 327) (1981).

2. Before appellant had sued appellees for his personal injuries, McInvale had filed an insurance claim against Peavy and Forum for the injuries he suffered in the same accident. Forum reached a settlement agreement with McInvale on his claim. Appellant argues that appellees are estopped from asserting that he and McInvale are co-employees because in order to effect the settlement agreement, Forum and McInvale must have taken the position that Peavy was an independent contractor. The trial court rejected that argument, conclud-

ing that estoppel requires that appellant have relied to his detriment on the agreement, and that appellant showed no reliance on the agreement nor did he have control over the negotiations that led to it. Appellant admits in his brief that he was not an "immediate party" to the settlement, and there is no evidence of record showing that appellant acted to his detriment or to appellees' benefit based on the theory that he was an independent contractor. The trial court acted correctly in rejecting appellant's estoppel contention. See OCGA § 24-4-24 (b) (8); *Morgan v. Maddox*, 216 Ga. 816 (120 SE2d 183) (1961).

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED JULY 6, 1989.

*Roberts, Roberts & Ingram, Lawrence W. Roberts*, for appellant. *Darroch & Obenshain, Robert M. Darroch, Mark A. Barber, Wright & Wright, George P. Wright, Perry, Walters & Lippett, C. Richard Langley*, for appellees.