A91A0928. PAZ v. MARVIN M. BLACK COMPANY et al.
(408 SE2d 807)

BIRDSONG, Presiding Judge.

Paul Ypolito Paz, by next friends Tony Paz and Maria Paz, sued Marvin M. Black Company and its employees Michael M. Black, Alton Pardue, Barry Atkinson, Richard Hardin, and others, in tort and contract actions for damages for injuries received by Paul Ypolito Paz when he fell from a scaffold at a construction project. Appellee Marvin M. Black Company was the general contractor on the project; Paz was an employee of the masonry subcontractor Salazar. The scaffold, which was built by the subcontractor Salazar's employees allegedly without proper direction and inspection of the employees of the general contractor, collapsed on the day following heavy rains, when the ground was soggy and muddy. Plaintiffs provide evidence that a bulldozer was being operated under the supervision or direction of the foreman of Marvin M. Black Company to clean up debris, and came within inches of the scaffold or hit the scaffold immediately before it collapsed. OSHA officials cited Marvin M. Black Company for violations in connection with the use of unstable objects to support the scaffold, improper bracing, and failure to secure the scaffold to the structure being built.

Paz was paid workers' compensation benefits by his employer, the subcontractor Salazar. On grounds of immunity, the trial court granted summary judgment to Marvin M. Black Company and its employees; Paz appeals. *Held*:

1. The trial court did not err in granting summary judgment to the general contractor Marvin M. Black Company, as the statutory employer under OCGA § 34-9-8. *Wright Assoc. v. Rieder*, 247 Ga. 496 (277 SE2d 41). Assuming plaintiff was a third-party beneficiary of the contract between appellees Marvin M. Black Company and the subcontractor Salazar, this provides no grounds for removing the immunity of the general contractor (statutory employer).

2. We are required by *Long v. Marvin M. Black Co.*, 250 Ga. 621 (300 SE2d 150) to reverse the summary judgments granted to the employees of Marvin M. Black Company. It is well established that the liability of the general contractor for workers' compensation benefits renders it liable for workers' compensation benefits as the "statutory employer" of its subcontractor's employee (*Wright Assoc. v. Rieder*, supra); but according to the Supreme Court's decision in *Long*, supra, the employees of the general contractor do not share in that statutory immunity, as they are not "employee[s] of the same employer" (OCGA § 34-9-11) as Paz.

The individual appellees, employees of Marvin M. Black Company, urge us to make various distinctions removing any liability for injuries caused by breach of contractual duties of safety implementation, inspection and supervision provided for in their employer's contract. However, it is well established that breach of contractual duties may give rise to an action for damages for personal injuries. See *Williams v. Nico Indus.*, 157 Ga. App. 814, 817 (278 SE2d 677).

We agree that none of the employees of the general contractor Marvin M. Black Company may be sued by virtue of their being an "alter ego" of the company or acting in a representative capacity (see *Hay v. Britt Realty*, 174 Ga. App. 214 (329 SE2d 544); *Stoker v. Wood*, 161 Ga. App. 110 (289 SE2d 265)); but plaintiffs assert they have sued each of these individual employees of the general contractor on account of a breach of a specific management or supervisory duty. There is evidence raising an issue of fact as to there being an actual duty imposed by contract upon each individual, and that they breached it or committed a negligent act in managing, supervising or implementing the safety program. Therefore, we cannot find they have borne their duty as movants to prove they are entitled to judgment as a matter of law. See *Abalene Pest Control Svc. v. Orkin Exterm. Co.*, 196 Ga. App. 463, 464 (395 SE2d 867).

The individual appellees strenuously urge us to hold as a matter of law that none of them committed an act of "active" or "affirmative" negligence, as they contend was the case in the *Long* decision.

However, the rationale of that decision does not authorize any such distinction. The exposure to liability of the employees of the general (statutory) contractor who did not pay workers' compensation benefits is grounded on the fact that, unlike the statutory employer itself, "[a]n employee of a statutory employer does not have any potential liability for workers' compensation payments. Thus there is no quid pro quo, no reason to relieve him of liability for his negligence, and ample reason to hold him accountable" for his negligence or for his negligent breach of contract giving rise to physical injuries. *Long v. Marvin M. Black Co.*, supra at 623. Even if the negligent act in *Long v. Marvin M. Black Co.* was an "affirmative" act, the rationale upon which that employee was found not immune to liability, was not grounded upon whether the act was "active" or "passive."

In accordance with the ruling and rationale of *Long v. Marvin M. Black Co.*, we reverse the grant of summary judgment to the individual employees of the statutory employer.

*Judgment affirmed in part and reversed in part. Pope and Cooper, JJ., concur.*

DECIDED JULY 1, 1991 —
RECONSIDERATION DENIED JULY 23, 1991 —

*Webb, Carlock, Copeland, Semler & Stair, Dennis J. Webb, Robin L. Frazer, David Root,* for appellants.

*Long, Weinberg, Ansley & Wheeler, Robert D. Roll, T. Jeffery Lehman, Darroch & Obenshain, Robert M. Darroch, Emory A. Wilkerson, C. David Vaughan, Fred W. Minter,* for appellees.