A92A0558. RUIZ v. PARDUE et al.

(420 SE2d 1)

BIRDSONG, Presiding Judge.

Appellant Adrian Ruiz fell off a scaffold in the same incident in which Paul Ypolito Paz was injured, as described in *Paz v. Marvin M. Black Co.*, 200 Ga. App. 607 (408 SE2d 807) (cert. den.). Appellant sued Alton Pardue "individually and in his capacity as Safety Officer for Marvin M. Black Company" and also sued Scaffolding & Shoring Systems, Inc., as the negligent lessor and bailor of scaffolding equipment who negligently entrusted the equipment to Marvin M. Black Company.

1. Appellant Ruiz complains of the summary judgments granted to Alton Pardue and to Scaffolding & Shoring Systems. In *Paz*, supra at 608, we were required by the present language of OCGA § 34-9-11 and by *Long v. Marvin M. Black Co.*, 250 Ga. 621 (300 SE2d 150) to hold that Pardue, the employee of the prime contractor Marvin M. Black Company, was not immune to tort liability because he was not the " 'employee of the same employer' [i.e. subcontractor]" as Paz. We said, however, that since the prime contractor itself, as "statutory employer" liable for workers' compensation benefits under OCGA § 34-9-8, was immune to tort liability, "[w]e agree that none of the employees of the general contractor Marvin M. Black Company may be sued by virtue of their being an 'alter ego' of the company or acting in a representative capacity. [Cits.]" *Paz*, supra at 608.

In this case, the defendant Alton Pardue relies on this very distinction and contends the record in this case plainly shows that as safety director or inspector he was acting as "alter ego" of the prime contractor Marvin M. Black Company and was "standing in its shoes" to implement its duty to provide a safe work place, and therefore shared his employer's statutory immunity. However, he asserts this is true because his negligence, if any, was (by virtue of his being alter ego for safety implementation) "passive"; and says that if he had, for example, dropped a hammer on the plaintiff Ruiz, this "affirmative" act of negligence would propel him forward from the status of passive alter ego of his employer, to the status of negligent employee of his employer. We perceive a fatal lack of logic in this argument even

though appellee Pardue says it is supported by authority of other states. As we said in *Paz*, the lack of tort immunity of the employees of the prime contractor to employees of a subcontractor is based not on whether the employee's negligence was "passive" or "active," but on the fact that the prime contractor's employee has no workers' compensation liability that would justify tort immunity. *Paz* at 609. Moreover, Pardue has misunderstood the meaning of the term "alter ego." The term means "second self" (Black's Law Dictionary, Fifth ed.) and in this context refers to the substituting of the individual for the existence of the corporate or business entity. Since Marvin M. Black Company is clearly immune as Ruiz' "statutory employer," obviously Pardue is not being sued as merely representing or being the "second self" of Marvin M. Black Company. He is being sued for something he did or did not do in the course of his employment. If he is liable for failing to inspect and failing to implement his company's safety program, then he is being sued for his "act" or "failure to act" *in his employment*. The issue of liability of Alton Pardue as safety investigator rises and falls upon his actions, not his "existence." As to his actions, he is an employee, not the alter ego of his employer. There exists no real distinction between this suit and the one in *Paz*, despite Mr. Pardue's attempt to create one, and we therefore hold that the trial court erred in granting summary judgment to Pardue on the basis of tort immunity.

2. We do not, however, find cause to reverse the summary judgment granted by the trial court to Scaffolding & Shoring Systems, Inc. There appears no genuine issue of material fact remaining that this defendant did not erect the scaffolding in a negligent manner; it assumed no duty and had no duty to inspect the scaffold erected by Marvin M. Black Company using these parts and other materials. This defendant merely leased certain scaffolding equipment parts to Marvin M. Black Company; the parts it leased to Marvin M. Black Company were not themselves defective and were marked with warning decals. Any evidence of negligent use by Marvin M. Black Company which a Scaffolding & Shoring Systems employee saw when he delivered materials two weeks before this accident has not been identified as a matter as to which this defendant had a duty, and has not been identified as a direct and proximate cause of the collapse of this scaffold immediately after heavy rains and/or when it was struck by a bobcat machine. See *Paz*, supra at 607. When the movant for summary judgment has met his burden to show no material issue of fact remains and he is entitled to judgment, " ' "the burden then shifts to the other party to present any alternative theories, if such exist . . . within which genuine issues of fact remain." ' " *Miller v. Trammell*, 198 Ga. App. 27, 28 (400 SE2d 387). As against the evidence presented by Scaffolding & Shoring Systems that it provided no de-

fective parts to Marvin M. Black Company, did not erect this scaffold, had no duty to inspect it after it was erected by Marvin M. Black Company, and had no actual or constructive knowledge of the particular defects which caused this scaffold to collapse or responsibility to discover and correct such defects, appellant Ruiz has not borne his burden in response to prove genuine issues of fact exist, as to any of the theories of liability he has proposed (bailor liability or negligent entrustment). The trial court did not err in granting summary judgment to this defendant.

*Judgment affirmed in part and reversed in part. Beasley and Andrews, JJ., concur.*

DECIDED APRIL 6, 1992 —
RECONSIDERATION DENIED JUNE 11, 1992 — 

*Clark & Smith, Craig T. Jones, Thomas C. Blaska & Associates, Thomas C. Blaska*, for appellant.

*Heyman & Sizemore, William B. Brown, William H. Major, Long, Weinberg, Ansley & Wheeler, Robert D. Roll, T. Jeffery Lehman, Darroch & Obenshain, Emory A. Wilkerson*, for appellees.