## A93A1743. ROTHROCK v. JETER.
### (441 SE2d 88)

COOPER, Judge.

Defendant Rothrock owned a tractor-trailer truck which he leased to C & N Evans Trucking Company, Inc. (C & N) pursuant to a written agreement. Rothrock operated his truck for C & N in interstate commerce as an independent contractor. Plaintiff Jeter, an employee of C & N, was injured on the premises of C & N while assisting Rothrock in uncoupling his rig. Jeter accepted workers' compensation benefits from C & N and initiated the instant tort action against Rothrock. Rothrock moved for summary judgment on the ground that he was immune from tort liability under the exclusive remedy provisions of OCGA § 34-9-11 (a), contending alternatively that he was a fellow servant to Jeter or that Jeter was his borrowed employee. The trial court denied this motion, but certified its order for immediate review. We granted Rothrock's application for interlocutory appeal, and a timely notice of appeal was filed.

1. In his first enumeration of error, Rothrock contends that he and Jeter are employees of the same employer, such that a common law tort action against Rothrock as a fellow servant of Jeter is barred. OCGA § 34-9-11 (a) provides: "The rights and the remedies granted to an employee by [the Workers' Compensation Act] shall exclude all other rights and remedies of such employee . . . at common law or otherwise, on account of such injury, loss of service, or death; provided, however, that no employee shall be deprived of any right to bring an action against any third-party tort-feasor, *other than an employee of the same employer* or any person who, pursuant to a contract or agreement with an employer, provides workers' compensation benefits to an injured employee, notwithstanding the fact that no common-law master-servant relationship or contract . . . exists between the injured employee and the person providing the benefits." (Emphasis supplied.) "[OCGA § 34-9-11 (a)] bars an employee's action for negligence against a fellow employee." *Williams v. Byrd*, 242 Ga. 80, 81 (247 SE2d 874) (1978). In support of his contention that he is an employee of the same employer as Jeter, Rothrock relies upon *Garrett v. Superior Trucking Co.*, 162 Ga. App. 558 (290 SE2d 528) (1982). There, Garrett leased his truck to Superior Trucking Company, an interstate carrier. Garrett was injured at a Superior facility while acting as his own driver on an interstate trip for Superior. He accepted workers' compensation benefits from Superior's insurer but nevertheless brought a tort action against Superior. Despite language in their agreement indicating that the parties intended to create the relationship of carrier-independent contractor rather than employer-employee, we held that Superior, having paid workers' compensation benefits to Garrett, was deemed to be Garrett's statutory employer

pursuant to OCGA § 34-9-8 (a) and immune from tort liability pursuant to OCGA § 34-9-11 (a). *Garrett,* supra at 559. Contrary to Rothrock's contention, however, *Garrett* does *not* stand for the proposition that a person who is *deemed* to be an employee of a *statutory* employer, with regard to the determination of that person's own right to compensation from the statutory employer, is thereby a fellow servant or an "employee of the same employer" within the provision of OCGA § 34-9-11 (a) so as to provide that deemed employee with immunity from tort liability to the statutory employer's own direct employees.

In the statutory definition of an "employee" under the Workers' Compensation Act, OCGA § 34-9-1 (2) distinguishes between an independent contractor and an employee as follows: "A person shall be an independent contractor and not an employee if such person has a written contract as an independent contractor and if . . . such person otherwise qualifies as an independent contractor." In this case, Rothrock is an independent contractor pursuant to a written agreement with C & N and Jeter is a direct employee of C & N. "True, [Rothrock] is also a statutory employee of [C & N]. This is not to say, however, that [Rothrock] and [Jeter] are employees of the 'same employer' within the meaning of OCGA § 34-9-11 [(a)]." *Long v. Marvin M. Black Co.,* 250 Ga. 621, 623 (300 SE2d 150) (1983). "[A] party enjoying tort immunity must have given some *quid pro quo,* . . . namely, liability [to the injured employee] for workers' compensation benefits. [Cits.] . . . [Rothrock], who has no potential liability for workers' compensation benefits with respect to [his statutory employer's employees], . . . has given no *quid pro quo* and is therefore . . . not entitled to tort immunity [on the ground that he is a fellow servant to the injured party]." *Cleveland Elec. Constructors v. Craven,* 167 Ga. App. 274, 275 (306 SE2d 364) (1983). Accord *Paz v. Marvin M. Black Co.,* 200 Ga. App. 607 (2) (408 SE2d 807) (1991). See also *Yoho v. Ringier of America,* 263 Ga. 338, 341 (434 SE2d 57) (1993). Accordingly, we conclude that the immunity afforded "an employee of the same employer" does not extend to independent contractors who nevertheless are deemed to be employees of a *statutory* employer in a tort action brought against the independent contractor by a direct employee of that statutory employer of the independent contractor and the trial court correctly denied Rothrock's motion for summary judgment. See *Long v. Marvin M. Black Co.,* supra.

2. Rothrock also contends that, at the time of the injury, Jeter was a borrowed servant of Rothrock's such that Rothrock enjoyed immunity from tort liability as a statutory employer. "A special master employing a special servant who is a general servant of a general master . . . is not such a third person against whom a common-law action will lie under the provisions of the [Workers'] Compensation Law, as provided in [OCGA § 34-9-11 (a)]." *Scott v. Savannah Elec.*

*&c. Co.*, 84 Ga. App. 553, 557-558 (66 SE2d 179) (1951). "Ordinarily, when one lends his servant to another for a particular employment, the servant will be dealt with as a servant of the person to whom he is lent, although he remains the general servant of the person who lent him. [Cits.]" *Merry Bros. Brick &c. Co. v. Jackson*, 120 Ga. App. 716, 719 (171 SE2d 924) (1969). "[I]n order for an employee to be a borrowed employee, the evidence must show that '(1) the special master had complete control and direction of the servant for the occasion; (2) the general master had no such control, and (3) the special master had the exclusive right to discharge the servant.' [Cit.]" *Six Flags Over Ga. v. Hill*, 247 Ga. 375, 377 (1) (276 SE2d 572) (1981). Moreover, "in order for a borrowed servant to be precluded from suing the special master in tort there must be notice to and assent by the borrowed servant as to the special relationship." *Six Flags Over Ga. v. Hill*, supra at 378 (2) (citing and distinguishing *Georgia-Pacific Corp. v. Corbin*, 137 Ga. App. 37 (222 SE2d 862) (1975)).

In support of his contention that Jeter was his borrowed servant, Rothrock submitted his own affidavit stating that he had "the exclusive right to control and direct" Jeter on the particular task of assisting Rothrock in uncoupling the truck. However, Jeter swore in opposition that Rothrock's truck was parked in a manner which prevented Jeter from reaching his own assigned loading dock with his own vehicle and that *he gave Rothrock logistical instructions* to maneuver Rothrock's truck out of the way. Accordingly, there remains a factual issue as to Jeter's status as a "borrowed employee" under the applicable test. Rothrock's reliance upon *Jarrard v. Doyle*, 164 Ga. App. 339 (297 SE2d 301) (1982), is misplaced. There, it was undisputed that the general master *directed* the injured employee to assist a contractor on the general master's premises and the employee assented. Rothrock's motion failed to establish the non-existence of every material fact as to whether Jeter was his borrowed employee at the time of the injury. The trial court correctly denied Rothrock's motion for summary judgment on this ground.

3. Rothrock's remaining enumeration as to the binding effect of an order denying summary judgment has been considered and is found to be without merit.

*Judgment affirmed. Beasley, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 15, 1994.

*Chambless, Higdon & Carson, Mary M. Katz*, for appellant.
*R. Lars Anderson*, for appellee.