## A05A0142. JONES et al. v. MACON SOILS, INC.
### (606 SE2d 316)

BLACKBURN, Presiding Judge.

Acting in various capacities, Vanessa Jones sued Macon Soils, Inc. in tort for her husband's injuries and death arising out of his fall while working for his employer, Macon Water Authority. She appeals the trial court's entry of summary judgment against her on all claims. She argues that Macon Soils was a joint owner of the equipment that caused the accident or that Macon Soils was at least engaged in a joint enterprise or was acting in concert with Macon Water Authority so as to be jointly liable for the injuries. We hold that the undisputed evidence showed that Macon Soils had no ownership interest in the equipment and that to the extent it was acting in concert or in a joint enterprise with Macon Water Authority, the Workers' Compensation Act barred this suit. Accordingly, we affirm.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c)." *Matjoulis v. Integon Gen. Ins. Corp.*[1] We review the grant of summary judgment de novo, construing the evidence in favor of the nonmovant. Id.

So construed, the evidence shows that Jones's husband worked for Macon Water Authority on a project that involved the clearing of sand from a pump station and that required workers to descend 65 feet into the affected area. Macon Water Authority lowered its employees into the area in a large drum attached to a steel cable that was spooling from a boom truck owned by Macon Water Authority. Jones's husband fell to his death while being lowered in the drum. Jones and her children recovered workers' compensation benefits from Macon Water Authority.

Macon Soils, a wholly-owned subsidiary of Macon Water Authority, removed and disposed of certain byproducts from Macon Water Authority's operations, for which it received compensation from

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

Macon Water Authority. It owned and used six vehicles to complete this service, but the boom truck owned by Macon Water Authority was not one of those vehicles. Nevertheless, Jones (acting individually and on behalf of her husband's estate and of her children) sued Macon Soils, asserting that Macon Soils (through a joint insurance policy with Macon Water Authority) had an ownership interest in the defective boom truck.

In February 2003, Macon Soils moved for summary judgment, submitting evidence that it had nothing to do with the boom truck, that the boom truck was owned exclusively by Macon Water Authority, and that the joint insurance policy did not purport to vest any ownership of the truck in Macon Soils. Jones responded by amending her complaint to allege that with regard to the project, Macon Soils was either acting in a joint enterprise or in concert with Macon Water Authority and was, therefore, liable as an agent of Macon Water Authority. She asked the court to allow her an opportunity to conduct discovery in this area. A month later in April 2003, she sent out written discovery requests (interrogatories and requests for production of documents) concerning this "joint enterprise/acting in concert" issue. Even though the court waited to rule on the summary judgment motion until June 23, 2003, Jones submitted no further discovery or evidence on the issue. In its ruling, the court entered summary judgment against Jones on all issues excepting the issue of whether Macon Soils had an ownership interest in the boom truck at the time of the accident.

The parties submitted further evidence on the ownership issue, including the actual insurance policy and deposition testimony. In October 2003, the court granted Macon Soils summary judgment as to all issues, including the ownership issue. Jones appeals this order, enumerating four errors: (1) the court erred in not allowing Jones the opportunity to conduct discovery regarding the "joint enterprise/acting in concert" issue; (2) the court erred in granting summary judgment on the issue of whether Macon Soils and Macon Water Authority were engaged in a joint enterprise; (3) the court erred in granting summary judgment on the issue of whether Macon Soils and Macon Water Authority were acting in concert; and (4) the court erred in granting summary judgment on the issue of whether Macon Soils had an insurable and/or ownership interest in the boom truck at the time of the accident.

1. Jones first contends that the court erred in not allowing her the opportunity to conduct discovery regarding the "joint enterprise/acting in concert" issue. The record belies this contention. The court waited four months to rule on the summary judgment motion, during which time Jones conducted only limited written discovery and submitted no further evidence. Her choices not to conduct further discovery and

to submit no further evidence cannot be laid at the feet of the court, which allowed her four months to do so.

2. The second and third enumerations contend that the court erred in granting Macon Soils summary judgment on the issues of whether Macon Soils and Macon Water Authority were engaged in a joint enterprise or were acting in concert. But even were we to assume the two entities were so intertwined as alleged by Jones, then the Workers' Compensation Act would bar any claim against Macon Soils as a joint actor with Macon Water Authority.

*Boatman v. George Hyman Constr. Co.*[2] held that an employee engaged in the activities of a joint venture or enterprise "is an employee of each of the joint adventurers under ordinary principles of agency" and is therefore barred by OCGA § 34-9-11 of the Workers' Compensation Act from suing any of the members of the joint enterprise for injuries received while conducting such activities. See *Burgett v. Thamer Constr.*[3] (employee of one member of a joint venture was barred from suing the other member of the joint venture for injuries received while working on the joint enterprise). Accordingly, both *Boatman* and *Burgett* affirmed summary judgment against the employee and in favor of the joint venturer. See *Seckinger & Co. v. Foreman*[4] (just as one joint venturer is immune from tort liability to its joint venturer's employees, it is also liable for workers' compensation benefits to its joint venturer's employees). Cf. OCGA § 34-9-224 (joint employers are both liable for workers' compensation benefits).

Thus, Jones's allegations of engaging in a joint enterprise and of acting in concert prove too much. To the extent these allegations are accurate, the exclusive remedy of the Workers' Compensation Act would preclude any tort suit against Macon Soils as a member of a joint enterprise with Macon Water Authority (the undisputed employer of the decedent). The trial court did not err in granting Macon Soils summary judgment on these issues.

3. Jones's final enumeration claims that a joint insurance policy naming both Macon Soils and Macon Water Authority as insureds and then listing the various vehicles owned by each of these entities as property insured under the policy created liability on the part of Macon Soils for injuries caused by Macon Water Authority's vehicles listed in the policy. This argument is not well-founded.

The undisputed evidence, including the written title to the vehicle, shows that Macon Water Authority owned the boom truck at

---

[2] *Boatman v. George Hyman Constr. Co.*, 157 Ga. App. 120, 123 (276 SE2d 272) (1981).

[3] *Burgett v. Thamer Constr.*, 165 Ga. App. 404, 405 (1) (300 SE2d 211) (1983).

[4] *Seckinger & Co. v. Foreman*, 252 Ga. 540, 541 (2) (314 SE2d 891) (1984).

issue and that Macon Soils had no interest in the truck. The joint insurance policy did not purport to grant, devise, or transfer any interest in the truck to Macon Soils nor to represent that Macon Soils owned an interest in the truck. Insurance policies are designed to insure property owners against liability from others, not to create liability between the insured and others. The fact that two entities are named as insureds on a policy is not an indication that all property listed in the policy as owned by the "Insured" is jointly owned by both entities, but only that the listed property is owned by at least one of the entities and is accordingly insured under the policy. The listing of the boom truck at issue on the "Schedule of Covered Autos You Own" did not purport to assert that both Macon Water Authority and Macon Soils owned the truck, but only that at least one of them owned the truck and that therefore one of the insureds had an insurable interest in the truck. Cf. OCGA § 33-24-4 (insurance contract only enforceable for benefit of persons having an insurable interest in the things insured). Since the undisputed evidence shows that Macon Water Authority and not Macon Soils had an ownership interest in the truck, the policy is consistent with Macon Water Authority's sole ownership of the truck and in no way is evidence that Macon Soils had an insurable interest, let alone an ownership interest, in the truck. The trial court did not err in granting summary judgment in favor of Macon Soils on the issue of the truck's ownership.

*Judgment affirmed. Eldridge and Miller, JJ., concur.*

DECIDED NOVEMBER 1, 2004.

*Morriss, Lober & Dobson, William G. Dobson*, for appellants. *Jones, Cork & Miller, Hubert C. Lovein, Jr., Miller, Cowart & Howe, Craig N. Cowart*, for appellee.