42514. MILLER, Guardian v. TRAVELERS INSURANCE COMPANY et al.

BELL, Presiding Judge. In a previous appearance before this court, the judgment of the superior court affirming the award of the Workmen's Compensation Board, was reversed with direction that the case be remanded to the board for further findings. See *Miller v. Travelers Ins. Co.,* 111 Ga. App. 245 (141 SE2d 223). In accordance with the direction (p. 249)

the board referred the case to the Medical Board for investigation and report with respect to all medical questions at issue. The Medical Board reported that claimant's disability was not the result of an alleged occupational disease. Pursuant to *Code Ann.* § 114-823 (3) claimant appealed from the report and propounded to the Medical Board interrogatories pertaining to medical evidence. In its final decision on appeal the Medical Board made the same conclusion reached in its report on the original examination, but failed to make claimant's interrogatories a part of the final decision. The Workmen's Compensation Board rendered an award denying compensation, based on the decision of the Medical Board. Claimant took this appeal from the judgment of the superior court affirming the board's award. *Held:*

The Workmen's Compensation Act (*Code Ann.* § 114-823 (3)), provides: "Said aggrieved party in said appeal may further propound to the members of said Medical Board or any of them . . . questions pertaining to medical evidence, and the said Medical Board shall see that the said interrogatories so propounded are answered under oath and made a part of the final decision on said appeal." The purpose of the requirement that the Medical Board incorporate the interrogatories into its final decision is "to enable the losing party to intelligently prepare an appeal and to enable the court to intelligently review such appeal." See *Atlanta Transit System v. Harcourt,* 94 Ga. App. 503 (95 SE2d 41); *Dudley v. Sears Roebuck & Co.,* 111 Ga. App. 214, 215 (141 SE2d 179). In those cases and in others which could be cited the failure of the Workmen's Compensation Board to make a sufficient statement of its findings in connection with the award required recommittal of the cases to the board for further findings. In a decision of the Medical Board involving medical questions, which are difficult of comprehension to lay persons, it is all the more urgent that the board comply fully with the requirements of the Act in stating its findings and conclusions. In this case the failure of the Medical Board to comply with *Code Ann.* § 114-823 (3) by including in its final decision the interrogatories propounded by claimant vitiates the subsequent award of the Workmen's Compensation Board. The judgment affirming the award will be reversed with direction that the case be remanded to the

Workmen's Compensation Board for re-reference to the Medical Board.

*Judgment reversed with direction.   Jordan and Pannell, JJ., concur.*

ARGUED JANUARY 6, 1967—DECIDED MAY 9, 1967.

*Durden & Durden, A. N. Durden,* for appellant.

*Perry, Walters, Langstaff & Lippitt, Jesse W. Walters,* for appellees.