### 48761. FLOYD v. McFOLLEY et al.

PANNELL, Judge.

Plaintiff's deceased son was an employee of the Columbus Water Works when he was electrocuted when a crane operated by employees of a subcontractor came in contact with high-tension lines. Suit was originally filed against the subcontrator and his employee and defendant Floyd, a fellow-employee of plaintiff's son, was subsequently made a party. Defendant Floyd's answer denied negligence and alleged the affirmative defenses of estoppel, accord and satisfaction, payment, release, and waiver, and in the alternative contributory or comparative negligence, assumption of the risk, and last clear chance. The defenses were predicated on the theory that the Workmen's Compensation Act of Georgia did not include a fellow-employee within its definition of a third-party tortfeasor to a common law action and that an award under the Act by the common employer, the City of Columbus, Georgia, precluded recovery. Plaintiff moved to strike certain paragraphs of the answer relating to Workmen's Compensation. An order granting the motion and expunging references to the Act was entered August 28, 1973. Certificate of immediate review was granted August 30, 1973, and defendant Floyd's notice of appeal was made the same day. *Held:*

1. Appellant's enumerations of error 1 through 8 are controlled by the resolution of the question of whether an employee, after having collected Workmen's Compensation benefits from the employer, can proceed against a fellow employee in a common law tort action against the offending employee as an individual. We answer that question in the affirmative.

The Workmen's Compensation Act bestows benefits akin to those under an insurance policy. Being of that

nature, its receipt by an injured employee affords no ground upon which a third person who negligently inflicted the injury should escape liability, either wholly or in part. *Hotel Equipment Co. v. Liddell*, 32 Ga. App. 590, 595 (124 SE 92). In discussing that case in *Echols v. Chattooga Mercantile Co.*, 74 Ga. App. 18, 23 (38 SE2d 675), this court stated: "We do not believe that the Act [Workmen's Compensation] was ever intended to allow one to negligently injure or wilfully batter another and pass blithely on, exempting himself from all liability by showing that the person injured received his injuries during the course of his employment and while under the terms of the Act. To give the Act such effect would be grossly against the public policy of the State, and could well lead to a reckless abandonment of those duties which one owes to his fellow man. . ."

Ga. L. 1972, pp. 929, 930 (Code Ann. § 114-103), which relates to the rights and remedies granted to an employee and which is under attack in the instant case, was not intended to, nor does it extinguish an employee's action against "any third-party tortfeasor." It only serves to bar an action against the employer and insurance carrier. See *Mull v. Aetna Cas. &c. Co.*, 120 Ga. App. 791 (172 SE2d 147) and Scott v. Crescent Tool Co., 296 FSupp. 158 (N. D. Ga. 1969).

2. The remaining enumeration of error is without merit.

*Judgment affirmed. Eberhardt, P. J., and Stolz, J., concur.*

ARGUED NOVEMBER 9, 1973 — DECIDED FEBRUARY 7, 1974 — REHEARING DENIED FEBRUARY 19, 1974 —

*Lennie F. Davis, E. H. Polleys, Jr.,* for appellant.
*Fort, Keil & Riley, James H. Fort,* for appellees.
*Arthur K. Bolton, Attorney General, Alfred L. Evans, Jr., Assistant Attorney General, Wayne P. Yancey, Deputy Assistant Attorney General,* amicus curiae.