77747. NABISCO BRANDS, INC. et al. v. HUGGINS.

(379 SE2d 630)

POPE, Judge.

Appellee-claimant filed a workers' compensation claim contending that she was suffering from an occupational disease as a result of her exposure to flour dust while working for appellant-employer. After the initial hearing, the Administrative Law Judge (ALJ) found that the medical questions relating to the claimant's claim were in controversy and issued an interlocutory order referring the claim to the medical board as provided by OCGA § 34-9-311.[1]

The medical board issued its report on September 4, 1986, finding no evidence to substantiate the claimant's contention that her condition or lost time was related to her exposure to flour dust. On September 9, 1986, claimant filed her notice of appeal, interrogatories and request for oral examination of the members of the medical board pursuant to OCGA § 34-9-312 (e). The medical board reheard the case on December 11, 1986. On December 31, 1986, the medical board issued a second report, reversing its previous decision, and find-

---

[1] Effective July 1, 1987, the provisions relating to the medical board were repealed and a new procedure adopted in lieu thereof. Ga. L. 1987, p. 1474, § 8. However, the new provisions apply only to occupational diseases diagnosed after the July 1, 1987, effective date of the statute. Consequently, appellant's contentions must be decided under the prior provisions.

ing that claimant had been out of work from October 6, 1984 to January 22, 1985 and that her disability during this period related to her exposure to flour dust. On January 15, 1987, the employer filed its notice of appeal to the medical board's December 31, 1986 decision. The Secretary-Treasurer of the State Board of Workers' Compensation acknowledged receipt of the employer's notice of appeal, but notified the employer that the notice would not be forwarded to the medical board "since this case has been heard by the [m]edical [b]oard twice." The case was then returned to the ALJ for the issuance of an award based on the findings of the medical board.

On February 5, 1987, the ALJ issued her findings that the claimant had suffered an occupational disease and awarded claimant income benefits and medical expenses. The full board adopted the award of the ALJ. The employer appealed to the superior court, challenging the finding that the claimant had suffered an occupational disease and also contending that it was denied its right to appeal the decision of the medical board pursuant to OCGA § 34-9-312 (c). The superior court affirmed the award of the board. As to the employer's contention that it had been denied its right of appeal to the medical board, the court found that "[n]otwithstanding that there is no express denial of [the employer's] appeal request in the record, it is clear to this court that the [m]edical [b]oard's silence on this issue is considered to be a denial of [the] appeal, and not an indication that the request was never considered." We granted the employer's application for discretionary review.

1. We agree with the employer that the superior court incorrectly concluded that the medical board considered and rejected its notice of appeal. Contrary to the court's findings, the record clearly shows that the employer's notice of appeal was never forwarded to the medical board for its consideration, but that instead the case was returned to the ALJ for entry of an award based on the medical board's findings.

The question remains, however, as to whether the employer had the right to appeal the medical board's decision pursuant to OCGA § 34-9-312 (c). That section, before it was repealed, provided that: "Either party to the dispute may, within 30 days from the date the *final report or decision* is mailed, but not thereafter, appeal from the decision of the medical board in the following manner: *the party conceiving himself to be aggrieved may file in writing with the medical board an appeal from the findings or decision*, stating generally the grounds thereof and why such aggrieved party believes the decision was erroneous. The appeal may set out in affidavit form additional medical evidence; and the aggrieved party in his appeal may further propound to the members of the medical board, or any of them, or to any of the physicians who testified at the original examination, ques-

tions pertaining to medical evidence. The medical board shall see that the interrogatories so propounded are answered under oath and made a part of the final decision on appeal unless relieved from answering by a decision of the State Board of Workers' Compensation; or the aggrieved party in this appeal, on proper notice and request to the medical board, may, in like manner, orally examine the members of the medical board or any of them at such time and place as may be designated by it. The medical board shall have the right, in its discretion, upon such appeal, to reassign the matter for another or additional examination or for the taking of such additional evidence as it may deem proper." (Emphasis supplied.)

In our view the "final report or decision" in the case at hand was the decision of the medical board dated December 31, 1986. It is that decision that formed the basis of the ALJ's award, which in turn was upheld by the full board and the superior court. As the aggrieved party to that award, the employer had the right to propound interrogatories or orally examine the members of the board, rights it did not enjoy when the claimant appealed the medical board's September 4, 1986 decision, and the medical board, unless relieved by the State Board of Workers' Compensation, was required to answer the interrogatories under oath, said answers to be made a part of the final decision. "The purpose of the requirement that the Medical Board incorporate the interrogatories into its final decision is 'to enable the losing party to intelligently prepare an appeal and to enable the court to intelligently review such appeal.' [Cits.]" *Miller v. Travelers Ins. Co.*, 115 Ga. App. 718, 719 (155 SE2d 724) (1967). Since the medical board in the case at bar reversed its earlier findings that the claimant's condition was not the result of her exposure to flour dust, and inasmuch as the issue of whether the claimant was suffering an occupational disease was apparently very much in controversy, examination of the members of the medical board by interrogatories as to the basis of the December 31, 1986 decision, including what evidence prompted it to change its report, would have greatly benefited both the losing party and the reviewing courts. Consequently, this case must be remanded to the State Board of Workers' Compensation with direction to vacate its award and refer the claim to the medical board for consideration of the employer's appeal pursuant to OCGA § 34-9-312 (c).

2. Because of our holding in Division 1, supra, it is unnecessary for us to consider the employer's remaining enumerations of error.

3. The claimant's request for penalties pursuant to OCGA § 5-6-6 is hereby denied.

*Judgment reversed and case remanded with direction. McMurray, P. J., and Benham, J., concur.*

Decided March 9, 1989.

*Savell & Williams, Mark S. Gannon, Benjamin H. Terry*, for appellants.

*Richard W. Hendrix*, for appellee.