A89A1652. WILSON et al. v. ANDERSON.
(390 SE2d 86)

CARLEY, Chief Judge.

During the pendency of this lawsuit, a settlement agreement was reached and agreed to by counsel representing appellee-plaintiff and counsel representing appellant-defendants. However, appellants subsequently refused to honor the settlement agreement, asserting that their counsel was without authority to enter into it. Appellee then sought enforcement of the settlement agreement and moved for summary judgment. The trial court held that the settlement agreement was enforceable against appellants and granted summary judgment in favor of appellee. Appellants appeal from this order.

"Under Georgia law an attorney of record has apparent authority to enter into an agreement on behalf of his client and the agreement is enforceable against the client by other settling parties. [Cits.] . . . The authority may be considered plenary unless it is limited by the client and that limitation is communicated to opposing parties. [Cits.]

Therefore, from the perspective of the opposing party, in the absence of knowledge of express restrictions on an attorney's authority, the opposing party may deal with the attorney as if with the client, and the client will be bound by the acts of his attorney within the scope of his apparent authority." *Brumbelow v. Northern Propane Gas Co.*, 251 Ga. 674 (2) (308 SE2d 544) (1983). "[U]nder *Brumbelow* it is immaterial whether the attorney had [actual] authority to settle. . . ." *Vandiver v. McFarland*, 179 Ga. App. 411, 412 (346 SE2d 854) (1986).

Under the undisputed evidence of record, appellants' counsel represented that he did have authority to enter into the settlement agreement and neither he nor appellants ever directly communicated a lack of such authority to appellee or her counsel. Appellants urge that a genuine issue of material fact nevertheless remains as to whether there was an indirect communication of a limitation on the authority of their counsel. In this connection, appellants rely upon an admission by appellee's counsel that he had inadvertently overheard a portion of a conversation between appellants and their counsel relating to the *terms* of the settlement agreement. In their affidavits, appellants asserted that, if appellee's counsel had overheard the conversation relating to the terms of the agreement, he must also have overheard that portion of the conversation wherein they purportedly placed a limitation on the authority of their counsel to settle the case.

Appellants' assertions in their affidavits that appellee's counsel *must* have overheard more of the conversation than he admitted is mere conclusory speculation on their part. Assertions "constituting mere conclusions, surmise or conjecture are properly excluded from evidence ([cits.]), and [an affiant] cannot state a mere conclusion that others than himself knew a particular fact where it is not established that [he] was qualified to testify to the knowledge of others. [Cit.]" *Marshall v. State*, 154 Ga. App. 327, 328 (2) (268 SE2d 383) (1980). "[F]acts contained in an affidavit, and not argumentative conclusions as in this case, determine whether a genuine issue of fact exists. [Cit.]" *Wood v. Chatham Engineering &c. Co.*, 173 Ga. App. 289, 290 (2) (326 SE2d 8) (1985). The facts show that this case is controlled by *Brumbelow v. Northern Propane Gas Co.*, supra. "Accordingly, [appellants are] bound by the agreement of [their] attorney to compromise and settle the case. . . . [Cit.]" *Potomac Leasing Co. v. First Nat. Bank of Atlanta*, 180 Ga. App. 255, 258 (348 SE2d 907) (1986). The trial court correctly granted summary judgment in favor of appellees.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JANUARY 4, 1990.

*Edward E. Boshears*, for appellants.

*George M. Rountree*, for appellee.