### A90A2249. HYNKO v. HILTON.
(401 SE2d 324)

McMURRAY, Presiding Judge.

Plaintiff Hilton's complaint seeks damages from defendant Hynko for personal injuries suffered in a motor vehicle collision. The complaint alleges that the collision occurred because defendant was negligent in the operation of his vehicle.

Defendant's answer denied the allegations of negligence and raised several defenses, including release, accord and satisfaction, and settlement of plaintiff's claim. Following unsuccessful motions for directed verdict by both parties, issues arising from the allegations of a settlement of the case were submitted to the jury along with the underlying negligence claim.

The jury returned a verdict in favor of plaintiff in the amount of $60,000. Defendant appeals, enumerating as error the denial of his motion for directed verdict and certain portions of the jury charge. *Held*:

Following the collision on January 29, 1987, plaintiff, acting without an attorney, negotiated a settlement of his claims for damages to and towing of his vehicle with defendant's insurer. Thereafter, plain-

tiff and his former wife, who is not a party to this action, hired attorney W. D. Simpkins III to represent them on their personal injuries claims. After hiring Simpkins about a week after the collision, plaintiff had no further contact with defendant's insurer.

The contract for legal services between Simpkins, plaintiff and plaintiff's former wife provided that no party shall enter into any settlement without the written consent of the remaining parties. While defendant's insurer was informed that plaintiff had retained Simpkins to represent him on the personal injuries claim, there was no notice provided to the insurer of the terms of the contract between plaintiff and Simpkins, and particularly no notification that Simpkins lacked authority to settle plaintiff's claim.

During the interval which followed, plaintiff received copies of correspondence showing that Simpkins was corresponding and negotiating with defendant's insurer concerning plaintiff's claim. When plaintiff inquired, Simpkins told him that he was still working on the case and had filed a complaint.

In January of 1989, plaintiff became suspicious and investigated the status of his case. At that time, plaintiff learned that in August of 1987, Simpkins had settled his and his wife's claims for $6,000. Defendant's insurer possessed a check payable to Simpkins, plaintiff and plaintiff's former wife which had been endorsed and negotiated, as well as a release of all claims which appeared to have been executed by plaintiff and his former wife. It is uncontroverted that plaintiff never authorized the settlement in question and never received any of the proceeds therefrom. After learning of the settlement plaintiff acquired new counsel and filed this action.

Relying primarily upon *Brumbelow v. Northern Propane Gas Co.*, 251 Ga. 674 (308 SE2d 544), defendant contends that plaintiff is bound by the agreement entered into by his attorney, Simpkins. Under *Brumbelow v. Northern Propane Gas Co.*, supra, Simpkins had apparent authority to enter into a settlement agreement on behalf of plaintiff since the limitations on Simpkins' authority to settle were not communicated to the opposing parties.

While plaintiff argues that defendant's insurer should have known that Simpkins was not acting in furtherance of his client's interest when he settled the claims for only $6,000 ($5,750 for plaintiff and $250 for plaintiff's former wife) when liability was clear and damages substantially exceeded the settlement sum, such is not supported by the evidence. The uncontroverted evidence was that there was nothing suspicious to defendant's insurer in the amount of the settlement, that it was not unusual for cases to settle for less than the amount of special damages, and that from the perspective of defendant's insurer at the time of the settlement the amount of damages was only alleged and not proven with the certainty later established at

trial.

"The rule that a principal is liable for the contracts of his agent applies even though the agent, in contracting, acts in his own interests and adversely to his principal, where the party with whom the agent contracts has no knowledge of the agent's dereliction and is not cognizant of any fact charging him with knowledge thereof. . . . The principal, having selected his representative and vested him with apparent authority, should be the loser in such case, and not the innocent party who relied thereon. . . ." 3 AmJur2d 777, Agency, § 274. See also *Brunson v. Sparks*, 42 Ga. 35.

Once more, we are bound by the decision in *Brumbelow v. Northern Propane Gas Co.*, 251 Ga. 674, supra. The trial court erred in denying defendant's motion for directed verdict. *Vandiver v. McFarland*, 179 Ga. App. 411, 412 (346 SE2d 854). See also *Wilson v. Anderson*, 194 Ga. App. 167 (390 SE2d 86).

*Judgment reversed. Sognier, C. J., and Carley, J., concur.*

DECIDED JANUARY 9, 1991.

*Doremus & Jones, Bobby T. Jones, Robert S. Slocumb*, for appellant.

*Allen, Brown, Bruce & Dasher, Francis W. Allen*, for appellee.