## A90A1918, A90A1919. STEVENS v. McCARTY et al.; and vice versa.
### (401 SE2d 605)

COOPER, Judge.

This case arises out of the appellees' purchase of a cosmetology business from the Wons, who had previously purchased the business

from appellant. Appellant was also a party to the contract of purchase by appellees from the Wons. On November 9, 1989, appellees brought an action against appellant for an alleged breach of the contract and against a longtime associate of appellant for tortious interference with contract. Appellant's associate was subsequently dismissed from the lawsuit and is not a party to this appeal.

Following the filing of the complaint, the parties entered into settlement negotiations, and appellees granted two 30-day extensions of time to file an answer to facilitate those negotiations. On January 24, 1990, appellees' attorney sent a letter to appellant's attorney confirming settlement of the lawsuit and outlining the agreement reached. The letter provided in part: "My clients will vacate the premises . . . on February 1, 1990. On said date Mr. Stevens will take over the business. All good will, supplies and fixtures will become his sole and exclusive property. He will assume all liability as to the business. All exclusive rights to the leasehold will be transferred to him, as well as any liability thereon." Appellees' attorney indicated in the letter that she would draft an agreement reflecting the settlement. Appellant's attorney did not respond to the letter, and on or about January 26, 1990, appellees' attorney sent a settlement agreement and release to appellant's attorney. On February 9, 1990, appellant's attorney telephoned appellees' attorney and informed her that appellant would not sign the agreement. Appellees filed a motion to enforce the settlement agreement, and the main appeal follows the trial court's grant of that motion. Appellees' purported cross-appeal seeks only to address the merit of appellant's appeal.

1. In six enumerations of error, appellant alleges that the trial court erred in enforcing the settlement agreement. Appellant contends that he did not know that there were past due amounts owed by appellees under the lease for the premises; that he believed all the lease payments were current; that it was only his intention to assume all future liabilities of appellees and relieve them of their obligations under the promissory note and security agreement executed in favor of the Wons; and that after discovering the past due rent, he decided not to sign the agreement. The trial court found that on February 5 and 6, 1990, the attorneys for both parties talked by telephone regarding the agreement, and during the conversation, appellant's attorney asked about the status of accounts payable for such items as supplies but no inquiry was made by appellant's attorney about whether any payments were due under the lease agreement. The trial court found that the letter dated January 24, 1990, was clear and unambiguous and that the words "any liability thereon" encompassed past as well as future liability under the lease agreement. "Agreements made by an attorney pertaining to his client's cause of action are binding upon the client, absent fraud, collusion, or express prohibition of such

an agreement. [Cits.]" *White v. Owens*, 172 Ga. App. 373, 374 (323 SE2d 167) (1984). The letter of January 24, 1990, concluded by advising appellant's attorney that if the terms of the settlement were contrary to his understanding, he should contact appellees' attorney immediately. " 'Where one under a duty to speak fails to do so, he is thereafter estopped to deny what his silence imports.' [Cit.]" *Cheek v. J. Allen Couch &c. Funeral Home*, 125 Ga. App. 438, 447 (7) (187 SE2d 907) (1972). "Ordinarily, for an attorney to bind his client to a settlement agreement where there is a dispute as to terms, the agreement must be in writing. [Cit.]" *Brumbelow v. Northern Propane Gas Co.*, 251 Ga. 674, 676 (2) (308 SE2d 544) (1983). "The writing which will satisfy this requirement ideally consists of a formal written agreement signed by the parties. However, letters or documents prepared by attorneys which memorialize the terms of the agreement reached will suffice." Id. at 676. Appellant does not argue that his attorney did not have authority to enter into the agreement or that a settlement agreement was not reached. Rather, his argument amounts to an acknowledgment that he did not understand that he was agreeing to be liable for any past due liability on the property. We agree with the trial court that the language in the letter of January 24, 1990, was clear and unambiguous, and we conclude that appellant's misunderstanding about the meaning of that language provides no basis for refusing to enforce an agreement which his attorney had authority to enter into. See *Davis v. Davis*, 245 Ga. 233 (2) (264 SE2d 177) (1980). Accordingly, we find each of appellant's six enumerations of error to be without merit.

2. In Case No. A90A1919, appellees/cross-appellants' two enumerations of error are that the appeal was filed only for delay and that the appeal was frivolous and appellant/cross-appellee should be assessed penalties. OCGA § 5-6-38 allows an appellee to institute a cross-appeal and present for adjudication all errors or rulings adversely affecting him. Inasmuch as appellees' cross-appeal does not enumerate any error in the trial court's order adversely affecting them, it is dismissed. However, we will consider appellee's cross-appeal as a request for an assessment of penalties pursuant to OCGA § 5-6-6 and deny the same. See *Nabisco Brands v. Huggins*, 190 Ga. App. 664 (3) (379 SE2d 630) (1989).

*Judgment affirmed in Case No. A90A1918. Appeal dismissed in Case No. A90A1919. Banke, P. J., and Birdsong, P. J., concur.*

DECIDED JANUARY 31, 1991.

*Robert J. Calcagno*, for appellant.

*Joyce D. Colmar*, for appellees.