A91A1656. DICKEY et al. v. HARDEN.
A91A1657. KIRKLAND et al. v. DICKEY et al.
(414 SE2d 924)

POPE, Judge.

Plaintiff Evelyn Dickey brought a negligence suit against defendant Mary Harden and defendants Sarah L. Kirkland and David C. Kirkland (the "Kirklands") alleging that on October 21, 1987, while a passenger in Mary Harden's vehicle, plaintiff suffered serious injuries when the vehicle was struck by an automobile owned by David C. Kirkland and driven by Sarah Kirkland. In her answer Mary Harden denied liability and raised as a defense the exclusive remedy provisions of the Georgia Workers' Compensation Act. The Kirklands also denied liability in their answer and raised the affirmative defenses of release, accord and satisfaction, and payment of plaintiff's claim.

Roger Dickey, the husband of Evelyn Dickey, was joined as a party plaintiff pursuant to OCGA § 9-11-19 in order that his claim for loss of consortium be adjudicated in the same proceeding. After discovery was conducted, Mary Harden and the Kirklands filed motions for summary judgment. In its order dated February 26, 1991, the trial court granted Mary Harden's motion for summary judgment and denied the Kirklands' motion for summary judgment. These appeals follow our grant of the plaintiffs' and Kirklands' applications for interlocutory review of the trial court's order.

## Case No. A91A1656

Plaintiff Evelyn Dickey and Mary Harden were co-workers at the Statesboro Head Start program and as a condition of employment, were required to attend training courses at nearby Georgia Southern University. These courses were offered during normal working hours, and the co-workers were to receive their regular pay while attending the courses. On October 21, 1987, en route to their first training session, the co-workers were involved in an automobile collision with the Kirklands' vehicle in which Evelyn Dickey, a passenger in Mary Harden's vehicle, sustained injuries. The record indicates that Evelyn Dickey received workers' compensation benefits for an approximate period of two to three months following the accident.

Relying on *Floyd v. McFolley*, 131 Ga. App. 4 (205 SE2d 29) (1974) and other cases in their brief, the plaintiffs contend that their claims against defendant Mary Harden are not barred by OCGA § 34-9-11. We disagree.

It is well settled under Georgia law that when an injury is sustained during the course of employment as a result of the negligence of a co-worker, the employee's sole remedy is against the employer pursuant to the provisions of the Georgia Workers' Compensation

Act. OCGA § 34-9-11; *Williams v. Thomas*, 187 Ga. App. 527, 528 (370 SE2d 773) (1988).

Plaintiffs' reliance on *Floyd* is misplaced because *Floyd* was decided prior to April 1, 1974, the date OCGA § 34-9-11 (formerly Code Ann. § 114-103) was amended by Ga. L. 1974, pp. 1143, 1144, to add that "no employee shall be deprived of any right to bring an action against any third-party tort-feasor, *other than an employee of the same employer. . . .*" (Emphasis supplied.) By virtue of the 1974 amendment, the Georgia Workers' Compensation Act is now the exclusive remedy for injuries sustained by an employee during the course of employment resulting from the negligence of a co-worker. *Williams v. Byrd*, 242 Ga. 80, 81 (247 SE2d 874) (1978).

Plaintiffs also argue that the acts causing Evelyn Dickey's injury did not arise out of and in the course of her employment. However, the record clearly indicates that Evelyn Dickey was a passenger in the vehicle of her co-worker en route to a training course that both employees were required to attend as a condition of their continued employment with the Statesboro Head Start program. Plaintiff was being paid regular wages and the course was being given during hours she would have otherwise been working at the Head Start program. Accordingly, there is no doubt in this instance that plaintiff Evelyn Dickey's injury arose out and in the course of employment. See generally *Thorn v. Phillips*, 164 Ga. App. 47, 48 (296 SE2d 251) (1982).

Moreover, although the record is unclear as to whether plaintiff affirmatively applied for benefits or her employer voluntarily assumed liability, it is undisputed that plaintiff Evelyn Dickey received workers' compensation benefits for approximately two to three months following the incident and failed to contest the applicability of the Georgia Workers' Compensation Act until over two years later when her complaint in this action was filed. Under the circumstances presented here, we find plaintiff estopped from denying coverage by the act. *Thorn*, 164 Ga. App. at 48. Cf. *Associated Hosts of Ga. v. Marley*, 184 Ga. App. 352 (2) (361 SE2d 496) (1987).

Plaintiff Roger Dickey's cause of action for loss of consortium being derivative of that of his wife, he too is barred from bringing this negligence action against his wife's co-worker. *Mann v. Workman*, 181 Ga. App. 211 (3) (351 SE2d 680) (1986), aff'd 257 Ga. 70 (354 SE2d 831) (1987). Accordingly, the trial court did not err in granting summary judgment to Mary Harden.

## Case No. A91A1657

In December of 1987, approximately two months after the automobile accident, Evelyn Dickey retained attorney W. D. Simpkins III to represent her and pursue her claim against the Kirklands. Simp-

kins notified State Farm Insurance Company ("State Farm"), the Kirklands' insurer, as to his representation of Evelyn Dickey and entered into negotiations with State Farm on her behalf. The record is clear that at no time did Evelyn Dickey have any direct contact with the Kirklands or State Farm, nor did she notify either of them as to the existence of any limitation upon the authority of Simpkins to act on her behalf.

In November of 1988, Simpkins entered into an oral and written agreement with State Farm to settle the plaintiffs' claims against the Kirklands, and within one week, State Farm forwarded to Simpkins a general release (the "Release") for the Dickeys to execute along with a settlement check payable to the Dickeys in the amount of $5,000. It is undisputed that the Dickeys never authorized Simpkins to accept the settlement of $5,000, never received any of the proceeds therefrom, and were unaware that Simpkins had forged their signatures on the release and check endorsement. Approximately one year later, Evelyn Dickey hired another attorney to represent her interests and this action was brought against the Kirklands and Mary Harden.

Relying on *Hynko v. Hilton*, 198 Ga. App. 308 (401 SE2d 324) (1991), a case remarkably similar to the case sub judice and also involving attorney Simpkins, the Kirklands contend that the trial court erred in not granting their motion for summary judgment in that plaintiff Evelyn Dickey was bound by the settlement agreement entered into by her attorney. We agree.

" 'The rule that a principal is liable for the contracts of his agent applies even though the agent, in contracting, acts in his own interests and adversely to his principal, where the party with whom the agent contracts has no knowledge of the agent's derelictions and is not cognizant of any fact charging him with knowledge thereof. . . . The principal, having selected [her] representative and vested him with apparent authority, should be the loser in such case, and not the innocent party who relied thereon. . . .' [Cits.]" *Hynko*, supra at 310. Simpkins having apparent authority to enter into a settlement agreement on behalf of Evelyn Dickey, and the Dickeys having failed to communicate to the Kirklands or State Farm the existence of any restrictions upon his authority to act, the Dickeys are bound by Simpkins' agreement to settle their claims. See also *Brumbelow v. Northern Pronane Gas Co.*, 251 Ga. 674 (308 SE2d 544) (1983); *Wilson v. Anderson*, 194 Ga. App. 167 (390 SE2d 86) (1990).

Plaintiffs contend that a genuine issue of fact remains as to whether State Farm should have been aware that Simpkins was not acting in furtherance of plaintiffs' interests when the claim was settled for the amount of $5,000. However, our review of the record fails to support plaintiffs' assumption that State Farm should be imputed with knowledge of Simpkins' motives. Rather the evidence indicates

that just prior to entering into a settlement of the plaintiffs' claim, Simpkins had admitted to State Farm's insurance adjuster that Evelyn Dickey had compromised her claim against the Kirklands for lost wages having apparently quit her job shortly after she returned to work following the accident. When considered along with the fact that Simpkins had only provided documentation of Evelyn Dickey's medical expenses in the amount of $2,808.77, it would not have been unreasonable for the State Farm adjuster to have believed that the settlement offer of $5,000 had been accepted by plaintiffs.

" 'When a motion for summary judgment is made and supported an adverse party may not rest upon the mere allegations or denials of [her] pleading, but [her] response, by affidavits or as otherwise provided . . . must set forth specific facts showing that there is a genuine issue for trial. If [s]he does not so respond, summary judgment, if appropriate, shall be entered against [her].' [Cit.]" *Robinson v. Starr*, 197 Ga. App. 440, 443 (398 SE2d 714) (1990). Evelyn Dickey having failed to come forward with evidence sufficient to support her claim that State Farm had reason to be suspicious of Simpkins' fraudulent motives, the trial court properly granted the Kirklands' motion for summary judgment. See *Hynko v. Hamilton*, supra at 309.

We also reject plaintiffs' argument that attorney Simpkins served as State Farm's agent for the purpose of securing the signatures of the Dickeys on the release and disbursing the settlement funds, thereby estopping State Farm and the Kirklands from holding plaintiffs bound by the acts of State Farm's agent. We find no facts upon which an attorney or agency relationship could be said to exist between State Farm and Simpkins under the circumstances presented by this appeal. See generally *Bennett v. Miller*, 188 Ga. App. 72 (371 SE2d 903) (1988); *Simmerson v. Blanks*, 149 Ga. App. 478 (1) (254 SE2d 716) (1979).

Plaintiff Roger Dickey's cause of action for loss of consoruium being derivative of that of his wife, he too is barred from bringing this negligence action against the Kirklands. *Stapleton v. Palmore*, 250 Ga. 259 (297 SE2d 270) (1982); *Hall v. Gardens Svcs.*, 174 Ga. App. 856, 858 (332 SE2d 3) (1985). Accordingly, the trial court erred in denying the Kirklands' motion for summary judgment.

*Judgment affirmed in Case No. A91A1656. Judgment reversed in Case No. A91A1657. Birdsong, P. J., and Cooper, J., concur.*

DECIDED JANUARY 31, 1992.

H. Lehman Franklin, for Dickeys.
Doremus, Jones & Smith, Julian B. Smith, Jr., for Harden.

*Beckmann & Pinson, Joseph H. Barrow*, for Kirklands.