A93A1338, A93A1340. WHITE et al. v. ORR LEASING, INC. et al.
(two cases).
A93A1339. LEDFORD et al. v. ORR LEASING, INC. et al.
(436 SE2d 693)

ANDREWS, Judge.

Appellants Ralph White, Louetta Ledford, and Donnie White (brothers and sister) appeal from the trial court's grant of summary judgment. Separate suits were filed for injuries suffered in the crash landing of a private airplane when the engine quit on take-off in Florida in September 1988. The pleadings allege the same negligence

claims against the same four defendants and these appeals are considered together. Named as defendants were Orr Leasing, Inc.; Garner White Enterprises, Inc.; Johnny Orr[1] and Garner White. Garner White is the brother of the plaintiffs and a former airline pilot for 23 years. He was piloting the airplane when it crash-landed. Orr Leasing, Inc. and Garner White Enterprises, Inc. owned the Piper single-engine aircraft as partners. It was leased by the partnership to Epps Air Service where it was rented by the hour and used for flying lessons.

The complaint alleged that all defendants were "negligent with regard to the maintenance of the aircraft" and that Garner White and his company were negligent "with regard to the operation of the aircraft." Prior to filing the instant suit, the plaintiffs, with different counsel, had sued Piper Aircraft Corporation, contending that the design or manufacture of the gascolator[2] was a concurrent proximate cause of the accident. That suit was dismissed after Piper filed bankruptcy proceedings and the instant one was filed.

On May 9, 1989, plaintiffs' prior counsel sent a letter to the liability insurance carrier for defendants in which he stated that "our clients [plaintiffs] will not be making any claim against Garner White, Garner White Enterprises or Epps [Air Service]. In return, you have agreed to make your investigator, Mr. Ty Dedman, available to us for an interview concerning the cause of the accident and possible theories of liability with respect to other third parties." Copies of that letter were sent to plaintiffs. The attorney did question Dedman and the prior suit was dismissed without prejudice "pursuant to a covenant not to sue. . . ."

1. The first enumeration is that the trial court erred in granting summary judgment to Garner White and Garner White Enterprises, Inc. on all the plaintiffs' claims based on the covenant not to sue.

It is contended that the actions of the first attorney were in violation of OCGA §§ 15-19-4 through 15-19-6. The only evidence in the record here regarding the authority or lack thereof of the attorney is the affidavit of Ralph White that he had employed the attorney with regard for claims for his injuries and that he "never authorized [the attorney] to give up my right to make a claim against Garner P. White or Garner White Enterprises, Inc. and their aircraft liability insurance coverage. I did not understand this to be the effect of anything he had done until after suit was filed on my behalf by subse-

---

[1] As to Orr, individually, the parties below agreed, as reflected in the court's order, that he did not personally own the airplane, was not personally involved in any inspection of the airplane and was not on the trip when the accident occurred. Therefore, there was no basis for a personal judgment against him.

[2] The gascolator is a part of the aircraft which drains moisture from the fuel system into a sediment bowl. It cannot be observed without dismantling part of the system.

quent counsel. I can understand how [the attorney] could have had an honest misunderstanding, but I never authorized him to discharge my claim without an adequate cash settlement."

The court below concluded that plaintiffs were estopped to deny the attorney's authority and that they had received the benefits of the agreement by interviewing the investigator. We concur. " ' "The rule that a principal is liable for the contracts of his agent applies even though the agent, in contracting, acts in his own interests and adversely to his principal, where the party with whom the agent contracts has no knowledge of the agent's derelictions and is not cognizant of any fact charging him with knowledge thereof. . . . The principal, having selected [the] representative and vested him with apparent authority, should be the loser in such case, and not the innocent party who relied thereon. . . ." (Cits.)' *Hynko* [*v. Hilton*, 198 Ga. App. 308, 310 (1991)]." *Dickey v. Harden*, 202 Ga. App. 645, 647 (414 SE2d 924) (1992). Despite plaintiffs' argument to the contrary, an attorney may bind his clients outside the context of formal litigation and this may be done by letter agreement, as here. *Stevens v. McCarty*, 198 Ga. App. 412, 414 (1) (401 SE2d 605) (1991); see generally *Brumbelow v. Northern Propane Gas Co.*, 251 Ga. 674 (308 SE2d 544) (1983). Therefore, summary judgment as to Garner White and Garner White Enterprises, Inc. was appropriate on this ground and makes consideration of the remaining enumerations unnecessary as to these two defendants.

2. The second enumeration contends that the court improperly granted summary judgment based on conclusory opinions of the insurance investigator and ignored facts upon which negligence of Orr Leasing, Inc., the only remaining defendant, based on negligent servicing and inspections of the plane, could have been found.

In support of their motion, defendants submitted the affidavit of Dedman, an independent investigator specializing in aircraft accidents, who investigated the accident for the insurer. The affidavit contains the following statement: "[t]he investigation revealed that, following the crash, when the Aircraft engine was run on its own fuel system, it would run for approximately two minutes and then shut itself down. When the engine was run from an independent fuel supply, the engine would run indefinitely. As a result of these tests, and by isolating and then replacing the gascolator, it was determined that the gascolator was admitting air into the fuel system, apparently as the result of a very slight misalignment of the gascolator bowl. Upon replacing the gascolator, the engine ran smoothly and without interruption, using the Aircraft's own fuel system." The only portion of this statement which can be described as opinion is the second sentence. Even disregarding that, however, the affidavit contains sufficient factual information to support defendants' position that the gas-

colator was at fault for the engine's failure and the second enumeration's contention regarding "conclusory opinions" would not preclude summary judgment.

As to Orr Leasing, Inc., the only viable theory of recovery is that of negligent inspection of the plane. Viewed with all inferences in favor of plaintiffs, the evidence regarding this issue showed that the plane had undergone its required 100-hour and yearly flight checks only a few months before the crash. Under the lease with Epps, the partnership was responsible for maintenance of the plane. The required inspections were generally conducted by mechanic Beddow of Aviation Services, who was a mechanic authorized to do inspections required by the Federal Aviation Administration. The gascolator was an "on condition" part, meaning that it should have been replaced when, in the mechanic's opinion, it was no longer serviceable.

The only basis for liability of Orr Leasing is that discussed in the fourth enumeration, which will be considered here. It alleges that the court did not properly apply 14 CFR § 91.403 (a)[3] of the Federal Aviation Administration, which states that the "owner or operator of an aircraft is primarily responsible for maintaining that aircraft in an airworthy condition." Plaintiffs contend this creates a nondelegable duty to passengers and would make Orr Leasing absolutely liable for any negligent inspection.

The cause of action alleged here is ordinary negligence and no authority is cited by plaintiffs for the proposition that allowing a mechanic licensed by the FAA to conduct the inspection makes the owner of the plane liable for any failure of inspection as a matter of negligence per se. There is no evidence here that any one other than Beddow ever inspected the gascolator or was aware of any defect in it nor is there evidence that the defect was present during his last inspection. There was no error.

3. The remaining enumerations of error raise various statutes of the State of Florida as the premise for three other theories of imposing liability, res ipsa loquitur, dangerous instrument doctrine, and alternative liability.

"There is nothing in the record sent to this court disclosing that the appellant[s] gave notice in [their] pleadings or other reasonable written notice of [their] intent to raise this issue, nor was any evidence adduced as to such laws. Under these circumstances, neither the court below nor this court can take judicial cognizance of the law of the sister state. [Cits.]" *Lauer v. Bodner*, 137 Ga. App. 851, 854 (225 SE2d 69) (1976).

These enumerations are without merit.

---

[3] Formerly 14 CFR § 91.163.

*Judgments affirmed. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED SEPTEMBER 23, 1993 —
RECONSIDERATION DISMISSED OCTOBER 21, 1993.

*Kenneth L. Shigley*, for appellants.
*Greene, Buckley, Jones & McQueen, Francis C. Schenck*, for appellees.