### A96A1434. GREEN v. LANFORD.
(474 SE2d 681)

BEASLEY, Chief Judge.

Green filed this complaint against Lanford, the administrator of Bentley's estate, to recover for personal injuries sustained in an automobile accident between Green and Bentley. Lanford moved for summary judgment on the ground that Green's attorney Beskin entered into a binding settlement of this matter with Bentley's automobile liability insurer, Allstate Insurance Company. The appeal is from the grant of Lanford's motion.

Approximately six weeks after the accident, Green signed a contingency contract authorizing Beskin to represent her. The contract did not expressly authorize Beskin to negotiate a settlement or place any limitations on his authority to do so. Beskin testified that Green in fact authorized him to settle her case without placing any limitations on his authority. Green, on the other hand, testified she never gave such authority.

Several days after the contingency contract was signed, Beskin notified Allstate that he represented Green, at which time he returned a $900 settlement check Allstate had previously tendered to Green. Allstate's claim representative Souther testified that at no time during settlement negotiations did anyone inform him or Allstate of any limitations by Green on Beskin's authority to negotiate a settlement. Nine days after notifying Allstate, Beskin reached a $3,250 settlement with Souther. Green refused to accept it, stating that her medical expenses alone exceeded the settlement amount.

The trial court granted Lanford's motion for summary judgment under the authority of *Brumbelow v. Northern Propane Gas Co.*, 251 Ga. 674 (308 SE2d 544) (1983), where the Court held: "Under Georgia law an attorney of record has apparent authority to enter into an agreement on behalf of his client and the agreement is enforceable against the client by other settling parties. [Cits.] . . . The authority

may be considered plenary unless it is limited by the client and that limitation is communicated to opposing parties. [Cits.] Therefore, from the perspective of the opposing party, in the absence of knowledge of express restrictions on an attorney's authority, the opposing party may deal with the attorney as if with the client, and the client will be bound by the acts of his attorney within the scope of his apparent authority. The client's remedy, where there have been restrictions not communicated to the opposing party, is against the attorney who overstepped the bounds of his agency, not against the third party." (Footnote omitted.) Id. at 674-675 (2). The Supreme Court recently reaffirmed its holding in *Brumbelow*, in *Pembroke State Bank v. Warnell*, 266 Ga. 819, 821 (1) (471 SE2d 187) (1996).

In reliance on *Lewis v. Uselton*, 202 Ga. App. 875, 876 (1) (416 SE2d 94) (1992), and *Addley v. Beizer*, 205 Ga. App. 714, 715 (1) (423 SE2d 398) (1992), Green argues that *Brumbelow* does not entitle Lanford to summary judgment. The cited cases are not on point. In *Lewis*, the question of the attorney's authority to settle the case was being litigated between the attorney and his clients, not between the opposing party and the client as here. In *Addley*, we determined that the attorney who entered into the settlement was not authorized to represent the parties against whom the settlement was sought to be enforced. It is uncontested that Beskin was authorized to represent Green and that no restrictions by Green on Beskin's authority were ever communicated to Allstate.

The allegations in Green's complaint show that this was by no means a clear case of liability. Under such circumstances, the fact that Green's medical expenses exceeded the settlement sum is not sufficient to support a finding that Allstate should have known of the lack of authority of Beskin to enter a compromise. See *Hynko v. Hilton*, 198 Ga. App. 308 (401 SE2d 324) (1991). The fact that Beskin settled the case quickly is likewise insufficient to support such a finding.

Consequently, under *Brumbelow*, Green is bound by her attorney's settlement of the case. If he overstepped his authority, her remedy is against him. As in *Wilson v. Anderson*, 194 Ga. App. 167 (390 SE2d 86) (1990), *Brumbelow* entitled the defendant to summary judgment. See also *Hynko*, supra (holding that the defendant was entitled to a directed verdict under *Brumbelow*).

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED AUGUST 13, 1996.

*Linwood R. Lovett, Paul R. Ayerbe*, for appellant.

*Robert S. Slocumb*, for appellee.